1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEMCO, LLC, a California corporation,<br><br>                      Plaintiff,<br><br>    v.<br><br>KPSI INNOVATIONS, INC., a Delaware corporation; SERINA KLEIN, an individual; KEVIN KLEIN, an individual; and JAMES A. KLEIN, an individual,<br><br>                      Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND FRAUDULENT TRANSFER OF ASSETS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff CEMCO, LLC ("CEMCO") hereby complains against Defendants KPSI Innovations, Inc. ("KPSI"), Serina Klein, Kevin Klein, and James A. Klein (collectively, "Defendants") as follows:

## I. THE PARTIES

1.      Plaintiff CEMCO is a corporation organized and existing under the laws of the State of California, with its principal place of business at 263 N. Covina Lane, City of Industry, CA 91744.

2.      Upon information and belief, Defendant KPSI is a Delaware corporation with its principal place of business at 6200 119th Pl SE Bellevue, WA 98006.

3.      Upon information and belief, Defendant Serina Klein is a resident of Bellevue, Washington.

4.      Upon information and belief, Defendant Kevin Klein is a resident of Bellevue,

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

1  Washington.

2  5.  Upon information and belief, Defendant James Klein is a resident of Bellevue,

3  Washington.

4  ## II. JURISDICTION AND VENUE

5  6.  Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because Plaintiff

6  is a resident of a different state from the Defendants and because the value of the matter in

7  controversy exceeds $75,000.

8  7.  This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and

9  2202 because this action arises under the patent laws of the United States, Title 35, United States

10  Code and other statutes cited herein.

11  8.  Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial

12  part of the events or omissions on which the claims are based occurred in the Western District of

13  Washington and Defendants may be found within the Western District of Washington.

14  ## III. FACTUAL BACKGROUND

15  9.  CEMCO makes and sells "head-of-wall" assemblies used in building construction.

16  A head-of-wall assembly is comprised of a header and studs. A header is a horizontal metal track

17  mounted to a ceiling. Vertical studs are inserted into the header to build the frame of a wall. In the

18  event of a fire, smoke and fire may pass through a gap between the header and the ceiling to spread

19  from one side of the wall to the other.

20  10.  CEMCO owns patents relating to head-of-wall fire-blocking devices, including, but

21  not limited to:

22  - U.S. Patent No. 7,681,365 for "Head-of-Wall Fireblock Systems and Related Wall

23    Assemblies" ("the '365 patent"), attached hereto as Exhibit A;

24  - U.S. Patent No. 7,814,718 for "Head-of-Wall Fireblocks" ("the '718 patent"),

25    attached hereto as Exhibit B;

26  - U.S. Patent No. 8,136,314 for "Head-of-Wall Fireblocks" ("the '314 patent"),

27    attached hereto as Exhibit C; and,

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 2

131697.0003/9416394.1

- U.S. Patent No. 8,151,526 for "Head-of-Wall Fireblock Systems and Related Wall Assemblies" ("the '526 patent"), attached hereto as Exhibit D.

11.    The '365 patent, the '718 patent, the '314 patent, and the '526 patent (collectively, "the Patents") generally claim head-of-wall products that comprise an intumescent strip (i.e. a chemical material that expands in response to heat) affixed on a sidewall of a header, wherein the intumescent strip expands in a fire to seal the gap between the header and the ceiling to inhibit the spread of smoke and fire.

12.    CEMCO licenses the Patents to Clarkwestern Dietrich Building Systems LLC, d.b.a. ClarkDietrich Building Systems ("ClarkDietrich"). ClarkDietrich is the exclusive licensee of the Patents.

13.    ClarkDietrich makes and sells head-of-wall fire blocking devices covered by the Patents.

**The First Lawsuit**

14.    The Patents were originally issued to James Klein, who was a former employee of CEMCO.

15.    Mr. Klein and a partner formed BlazeFrame Industries, Ltd. ("BlazeFrame") in 2009.

16.    Mr. Klein assigned the Patents to BlazeFrame.

17.    In 2012, a legal dispute arose among CEMCO, James Klein, BlazeFrame, and ClarkDietrich over rights to the Patents and other issues. CEMCO alleged that Mr. Klein had wrongfully kept ownership of the Patents in breach of his employment contract with CEMCO. The dispute was litigated in a case captioned *California Expanded Metal Products Company v. Clarkwestern Dietrich Building Systems LLC, d.b.a. ClarkDietrich Building Systems, James A. Klein, and Blazeframe Industries, Ltd.,* Case No. CV12-10791-DDP-MRWx (C.D. Cal.) ("the First Lawsuit").

18.    The parties to the First Lawsuit reached a settlement on October 2, 2015 ("the First Settlement Agreement"). Under the terms of the First Settlement Agreement, BlazeFrame assigned

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 3

131697.0003/9416394.1

its patents, including the Patents, to CEMCO in consideration for an upfront payment of $800,000 and a royalty-free non-exclusive license for BlazeFrame to sell products covered by the Patents in a restricted territory. CEMCO granted ClarkDietrich a license to the Patents that was non-exclusive in the restricted territory and exclusive in the rest of the United States, in consideration for which ClarkDietrich paid CEMCO a certain royalty for the sale of the licensed products.

**The Second Lawsuit**

19.     BlazeFrame violated the First Settlement Agreement by, among other things, selling the licensed products outside of its restricted territory. As a result, CEMCO and ClarkDietrich filed a lawsuit against James Klein and Blazeframe for infringement of the Patents and for breach of the First Settlement Agreement. The case was captioned *California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems LLC, d.b.a. ClarkDietrich Building Systems v. James A. Klein, and Blazeframe Industries, Ltd.,* Case No. CV 16-cv-5968 (C.D. Cal.) ("the Second Lawsuit").

20.     The parties to the Second Lawsuit reached a settlement on June 25, 2017 ("the Second Settlement Agreement"). Under the Second Settlement Agreement, Blazeframe gave up the right to make, use, offer for sale, or sell any product covered by the Patents.  ClarkDietrich became the exclusive licensee of the Patents.

21.     Two days after the Second Settlement Agreement, James Klein started a new company, Safti-Seal, Inc. ("Safti-Seal"), on or about June 27, 2017.

22.     Mr. Klein modified the BlazeFrame products and started selling them as Safti-Seal products. The only difference between the Safti-Seal products and the BlazeFrame products was that the Safti-Seal headers had an additional so-called "thermal barrier."

**The Third Lawsuit**

23.     CEMCO and ClarkDietrich sued James Klein, BlazeFrame and Safti-Seal in January 2018 for infringement of the Patents based on the Safti-Seal products. The case was captioned *CEMCO et al. v. Klein et al.,* Case No. 2:18-cv-00659JLR (W.D. Wash.) ("the Third

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

1  Lawsuit").

2      24.    The parties to the Third Lawsuit entered into a settlement agreement on or about

3  December 8, 2019 ("the Third Settlement Agreement"). As part of the Third Settlement

4  Agreement, James Klein and his co-defendant companies stipulated to a consent judgment that the

5  Safti-Seal products infringed the Patents.

6      25.    A permanent injunction was entered on or about January 3, 2020 barring Mr. Klein

7  and his co-defendant companies from infringing the Patents.

8      26.    To evade the injunction, James Klein hatched a plan with his long-time colleagues,

9  Jaroslaw Sydry and Leszek Orszulak, to form a new company, Seal4Safti, Inc. ("S4S"). Mr. Sydry

10  and Mr. Orszulak formed S4S on March 5, 2020.

11      27.    S4S purchased Safti-Seal's inventory, trademarks and website.

12      28.    Safti-Seal stopped selling Safti-Seal products on March 31, 2020.

13      29.    On April 1, 2020, S4S stepped into Safti-Seal's shoes by doing business as Safti-

14  Seal.

15      30.    James Klein started working for S4S on April 1, 2020.

16      31.    Mr. Klein "rebranded" the enjoined Safti-Seal products as Fire Rated Gasket (FRG)

17  products, telling customers that the FRG products are the same as the Safti-Seal products.

18      32.    The Washington court reopened the Third Lawsuit on October 19, 2020 to initiate

19  contempt proceedings against Mr. Klein and his companies for violating the permanent injunction

20  by selling FRG products. The court also allowed CEMCO to take discovery to determine if S4S

21  aided and abetted the contempt.

22      33.    Based on the evidence gathered in discovery, the Washington court found that S4S

23  was "legally identified" with Safti-Seal and acted in concert with it to violate the permanent

24  injunction. S4S was thus added to the contempt proceedings.

25      34.    On February 16, 2022, S4S and Mr. Klein were held in contempt. (Exhibit E.)

26      35.    On January 26, 2023, the court awarded CEMCO and ClarkDietrich actual damages

27  in the form of disgorgement of S4S's profits from April 1, 2020 to May 16, 2022 in the amount of

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

1    $607,770.65 and other remedies. (Exhibit F.)

2    36.    The court also awarded CEMCO and ClarkDietrich their attorneys' fees as a

3    compensatory civil contempt sanction in an amount yet to be determined.

4    **The Fourth Lawsuit**

5    37.    Three weeks after the Washington court began contempt proceedings in the Third

6    Lawsuit on October 19, 2020, S4S filed a declaratory action on November 13, 2020 in the Central

7    District of California, seeking a declaratory judgment of noninfringement, unenforceability, and

8    invalidity as to the Patents. The case was captioned *Seal4Safti, Inc. v. California Expanded Metal*

9    *Products Co.,* Case No. 2:20-cv-10409–MCS–JEM (C.D. Cal.) ("the Fourth Lawsuit").

10    38.    After a five-day trial in May 2022, CEMCO prevailed on all claims against S4S in

11    the Fourth Lawsuit. A jury found (i) CEMCO's Patents are not invalid and (ii) S4S willfully

12    infringed the Patents. Consequently, the jury awarded CEMCO reasonable royalty damages, which

13    were subsequently set aside. (Exhibit G.)

14    39.    In post-trial proceedings, the court further found the case to be exceptional under

15    35 U.S.C. § 285.  On January 25, 2023, the court awarded $562,241.44 in attorneys' fees plus costs

16    to CEMCO. (Exhibit H.)

17    40.    In February 2023, S4S informed CEMCO that it intended to formally wind up and

18    seek legal dissolution.

19    **The Present Controversy**

20    41.    Upon information and belief, KPSI Innovations, Inc. was incorporated in the State

21    of Delaware on or about February 8, 2023.

22    42.    Upon information and belief, KPSI is owned by Serina Klein and Kevin Klein.

23    43.    Upon information and belief, Serina Klein is the wife of James Klein.

24    44.    Upon information and belief, Kevin Klein is the son of Serina Klein and James

25    Klein.

26    45.    Upon information and belief, KPSI is engaged in the manufacture, advertising,

27

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

1    offer for sale, and sale of fire-blocking head-of-wall products used in building construction.

2          46.      Upon information and belief, S4S assigned assets relating fire-blocking head-of-

3    wall products to KPSI, including the www.saftiseal.com website, rights to use products or designs,

4    services rights with Underwriter Laboratories ("UL"), raw materials, and inventory ("the

5    Transferred Assets"). (Exhibit I.)

6          47.      Upon information and belief, KPSI uses the Transferred Assets to manufacture,

7    advertise, offer for sale, and sell fire-blocking head-of-wall products.

8          48.      Upon information and belief, James Klein is an agent or employee of KPSI, who

9    aids and abets KPSI in the manufacture, advertising, offer for sale, and sale of its fire-blocking

10   head-of-wall products.

11         49.      Upon information and belief, KPSI's fire-blocking head-of-wall products infringe

12   at least one claim of each of the Patents.

13         50.      Upon information and belief, KPSI induces infringement of the Patents by offering

14   its products for sale in the United States, and by directing its customers or distributors to use its

15   products in an infringing manner.

16         51.      Upon information and belief, KPSI was aware of the Patents before it began selling

17   its fire-blocking head-of-wall products and components thereof and before it encouraged others to

18   use those products and components in an infringing manner.

19         52.      Upon information and belief, KPSI intentionally took affirmative steps to induce

20   infringement of the Patents by: providing instructions showing how to use KPSI's products and

21   components in an infringing manner; and/or recommending the application of KPSI's products

22   and components to header track in an infringing manner.

23         53.      Upon information and belief, KPSI knew or should have known its actions would

24   induce actual infringement.

25         54.      Upon information and belief, KPSI knowingly, deliberately, intentionally, and

26   willfully infringed, directly or indirectly, the Patents.

27         55.      Upon information and belief, Serina Klein has personally authorized, orchestrated,

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

1   and approved the manufacture, promotion, and sale of KPSI's infringing products.

2      56.      Upon information and belief, Kevin Klein has personally authorized, orchestrated,

3   and approved the manufacture, promotion, and sale of KPSI's infringing products.

4      57.      Upon information and belief, James Klein has aided and abetted KPSI's

5   infringement of the Patents by providing KPSI's customers with the necessary technical support

6   to apply KPSI's products and components to header tracks in an infringing manner.

7      58.      Upon information and belief, KPSI is the alter ego of Serina Klein, Kevin Klein,

8   and James Klein (collectively, "the Kleins") because:

9          a.      The Kleins dominate, influence, and control KPSI;

10         b.      There exists a unity of interest and ownership between the Kleins and KPSI

11                 such that the individuality and separateness of KPSI from the Kleins no

12                 longer exist;

13         c.      KPSI is a mere shell and naked framework which the Kleins use as a conduit

14                 for the conduct of their personal business, property and affairs;

15         d.      KPSI was formed with capitalization totally inadequate for the business in

16                 which it is engaged; and

17         e.      By virtue of the foregoing, adherence to the fiction of the separate corporate

18                 existence of KPSI would, under the circumstances, sanction a fraud and

19                 promote injustice in that Plaintiff would be unable to realize upon any

20                 judgment in its favor.

21     59.      Upon information and belief, James Klein and KPSI acted for each other in

22   connection with the conduct alleged and that each of them performed the acts complained of herein

23   or breached the duties herein complained of as agents of each other and each is therefore fully

24   liable for the acts of the other.

25     60.      As a consequence of Defendants' infringement, CEMCO has been harmed in the

26   form of lost royalties from ClarkDietrich's lost sales.

27     61.      CEMCO and/or ClarkDietrich has the manufacturing capacity to make and sell

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

1    head-of-wall fire blocking devices in an amount that would replace KPSI's infringing products in

2    the marketplace, were it not for KPSI's infringement.

3        62.    Plaintiff is irreparably harmed by KPSI's infringement and remedies available at

4    law, such as monetary damages, are inadequate to compensate for that injury.

5                    **IV. FIRST COUNT FOR PATENT INFRINGEMENT**
                    **OF THE '365 PATENT AGAINST KPSI**

6

7        63.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1

8    through 62.

9        64.    CEMCO is the owner by assignment of the '365 Patent, entitled "Head-of-Wall

10   Fireblock Systems and Related Wall Assemblies," including the right to bring suit to enforce the

11   patent and the right to obtain relief for infringement. The '365 Patent was duly and legal issued by

12   the USPTO on March 23, 2010.

13       65.    The '365 Patent is valid and enforceable under the United States patent laws.

14       66.    Upon information and belief, KPSI is actively and directly infringing at least claim

15   1 of the '365 Patent.

16       67.    Upon information and belief, KPSI is actively inducing infringement of the '365

17   Patent by instructing its customers in the United States to use its products in an infringing manner,

18   knowing that such use constitutes direct infringement, and knowing that such encouraging acts

19   result in direct infringement.

20       68.    Upon information and belief, KPSI knowingly, deliberately, intentionally, and

21   willfully infringed, directly or indirectly, the '365 Patent.

22       69.    As a consequence of KPSI's infringement, CEMCO has been harmed in the form

23   of lost royalties from ClarkDietrich's lost sales.

24       70.    As a result of the infringement, CEMCO is entitled to lost profits, lost royalties,

25   treble damages, and attorney fees under 35 U.S.C. § 285 et seq, according to proof.

26                   **V. SECOND COUNT FOR PATENT INFRINGEMENT**
                    **OF THE '718 PATENT AGAINST KPSI**

27       71.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

through 70.

72.    CEMCO is the owner by assignment of the '718 Patent, entitled "Head-of-Wall Fireblocks," including the right to bring suit to enforce the patent and the right to obtain relief for infringement. The '718 Patent was duly and legal issued by the USPTO on October 19, 2010.

73.    The '718 Patent is valid and enforceable under the United States patent laws.

74.    Upon information and belief, KPSI is actively and directly infringing at least claim 1 of the '718 Patent.

75.    Upon information and belief, KPSI is actively inducing infringement of the '718 Patent by instructing its customers in the United States to use its products in an infringing manner, knowing that such use constitutes direct infringement, and knowing that such encouraging acts result in direct infringement.

76.    Upon information and belief, KPSI knowingly, deliberately, intentionally, and willfully infringed, directly or indirectly, the '718 Patent.

77.    As a consequence of KPSI's infringement, CEMCO has been harmed in the form of lost royalties from ClarkDietrich's lost sales.

78.    As a result of the infringement, CEMCO is entitled to lost profits, lost royalties, treble damages, and attorney fees under 35 U.S.C. § 285 et seq, according to proof.

## VI.  THIRD COUNT FOR PATENT INFRINGEMENT OF THE '314 PATENT AGAINST KPSI

79.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 78.

80.    CEMCO is the owner by assignment of the '314 Patent, entitled "Head-of-Wall Fireblocks," including the right to bring suit to enforce the patent and the right to obtain relief for infringement. The '314 Patent was duly and legal issued by the USPTO on March 20, 2012.

81.    The '314 Patent is valid and enforceable under the United States patent laws.

82.    Upon information and belief, KPSI is actively and directly infringing at least claim 1 of the '314 Patent.

83.    Upon information and belief, KPSI is actively inducing infringement of the '365

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

Patent by instructing its customers in the United States to use its products in an infringing manner, knowing that such use constitutes direct infringement, and knowing that such encouraging acts result in direct infringement.

84.     Upon information and belief, KPSI knowingly, deliberately, intentionally, and willfully infringed, directly or indirectly, the '314 Patent.

85.     As a consequence of KPSI's infringement, CEMCO has been harmed in the form of lost royalties from ClarkDietrich's lost sales.

86.     As a result of the infringement, CEMCO is entitled to lost profits, lost royalties, treble damages, and attorney fees under 35 U.S.C. § 285 et seq, according to proof.

## VII.   FOURTH COUNT FOR PATENT INFRINGEMENT OF THE '526 PATENT AGAINST KPSI

87.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 86.

88.     CEMCO is the owner by assignment of the '526 Patent, entitled "Head-of-Wall Fireblock Systems and Related Wall Assemblies," including the right to bring suit to enforce the patent and the right to obtain relief for infringement. The '526 Patent was duly and legal issued by the USPTO on April 10, 2012.

89.     The '526 Patent is valid and enforceable under the United States patent laws.

90.     Upon information and belief, KPSI is actively and directly infringing at least claim 1 of the '526 Patent.

91.     Upon information and belief, KPSI is actively inducing infringement of the '526 Patent by instructing its customers in the United States to use its products in an infringing manner, knowing that such use constitutes direct infringement, and knowing that such encouraging acts result in direct infringement.

92.     Upon information and belief, KPSI knowingly, deliberately, intentionally, and willfully infringed, directly or indirectly, the '526 Patent.

93.     As a consequence of KPSI's infringement, CEMCO has been harmed in the form

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

of lost royalties from ClarkDietrich's lost sales.

94.    As a result of the infringement, CEMCO is entitled to lost profits, lost royalties, treble damages, and attorney fees under 35 U.S.C. § 285 *et seq,* according to proof.

## VIII.  FIFTH COUNT FOR PATENT INFRINGEMENT AGAINST SERINA KLEIN, KEVIN KLEIN, AND JAMES KLEIN

95.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 94.

96.    An actual controversy has arisen and now exists under the patent laws between the Parties concerning the infringement of the Patents by virtue of KPSI's advertising, offering for sale, and sale of the infringing products. All such actions of KPSI constitute infringement of at least one claim of each of the Patents.

97.    Upon information and belief, Serina Klein directed and authorized KPSI's infringement, including its sales of the infringing products, its instructions to customers regarding how to use KPSI's products and components in an infringing manner, and its recommendations to customers regarding the application of KPSI's products and components to header track in an infringing manner. Serina Klein actively and knowingly caused KPSI's infringement, direct or indirect, of the Patents.

98.    Upon information and belief, Kevin Klein directed and authorized KPSI's infringement, including its sales of the infringing products, its instructions to customers regarding how to use KPSI's products and components in an infringing manner, and its recommendations to customers regarding the application of KPSI's products and components to header track in an infringing manner. Kevin Klein actively and knowingly caused KPSI's infringement, direct or indirect, of the Patents.

99.    Upon information and belief, James Klein has aided and abetted KPSI's infringement by instructing customers regarding how to use KPSI's products and components in an infringing manner, recommending customers to use KPSI's products and components in an infringing manner, and providing KPSI's customers with the necessary technical support to apply KPSI's products and components to header track in an infringing manner. James Klein actively

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 12

131697.0003/9416394.1

1  and knowingly caused KPSI's infringement, direct or indirect, of the Patents.

2      100.  Upon information and belief, KPSI is the alter ego of the Kleins because:

3      a.  The Kleins dominate, influence, and control KPSI;

4      b.  There exists a unity of interest and ownership between the Kleins and KPSI

5      such that the individuality and separateness of KPSI from the Kleins no

6      longer exist;

7      c.  KPSI is a mere shell and naked framework which the Kleins use as a conduit

8      for the conduct of their personal business, property and affairs;

9      d.  KPSI was formed with capitalization totally inadequate for the business in

10     which it is engaged; and

11     e.  By virtue of the foregoing, adherence to the fiction of the separate corporate

12     existence of KPSI would, under the circumstances, sanction a fraud and

13     promote injustice in that Plaintiff would be unable to realize upon any

14     judgment in its favor.

15     101.  Upon information and belief, James Klein and KPSI acted for each other in

16 connection with the conduct alleged and that each of them performed the acts complained of herein

17 or breached the duties herein complained of as agents of each other and each is therefore fully

18 liable for the acts of the other.

19     102.  As a consequence of Defendants' infringement, CEMCO has been harmed in the

20 form of lost royalties from ClarkDietrich's lost sales.

21     103.  As a result of the infringement, CEMCO is entitled to lost profits, lost royalties,

22 treble damages, and attorney fees under 35 U.S.C. § 285 et seq, according to proof.

23     **IX.  SIXTH COUNT FOR FRAUDULENT TRANSFER OF ASSETS**

24     **(Constructive Fraud)**

25     104.  Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1

26 through 103.

27     105.  CEMCO obtained a judgment against S4S in the Fourth Lawsuit before S4S

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

1    transferred its assets to KPSI.

2          106.    Upon information and belief, S4S transferred all or substantially all of its assets to

3    KPSI without receiving a reasonably equivalent value in exchange for the transfer.

4          107.    Upon information and belief, S4S became insolvent as a result of its transfer of

5    assets to KPSI.

6          108.    S4S's transfer of assets to KPSI was fraudulent under Revised Code of Washington

7    (RCW) 19.40.051.

8          109.    The transfer is voidable under RCW 19.40.051.

9          110.    CEMCO is entitled to remedies pursuant to RCW 19.40.071, including avoidance

10   of the transfer and an injunction against further disposition of the Transferred Assets.

11         111.    Pursuant to RCW 19.40.081(2)(a), CEMCO is entitled to judgment against KPSI

12   for the value of the Transferred Assets or the amount necessary to satisfy CEMCO's claim.

13         112.    Plaintiff requires injunctive relief to maintain the status quo and prevent any further

14   transfer or dissipation of the properties, assets, and proceeds that are the subject of this action.

15         113.    As a direct and proximate result of the Defendants' wrongful actions, the Plaintiff

16   will suffer imminent injury that will be irreparable and for which no remedy at law exists without

17   the protections of injunctive relief.

18              **X.  <u>SEVENTH COUNT FOR FRAUDULENT TRANSFER OF ASSETS</u>**

19                                       **(Actual Fraud)**

20         114.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1

21   through 113.

22         115.    Upon information and belief, S4S transferred its assets to KPSI shortly after it was

23   held liable for damages and sanctioned for attorney fees in the contempt proceedings in the Third

24   Lawsuit and shortly after it was sanctioned for attorney fees in the Fourth Lawsuit.

25         116.    Upon information and belief, S4S transferred all or substantially all of its assets to

26   KPSI with the actual intent to hinder, delay or defraud S4S's creditors, including CEMCO, in

27

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 14

131697.0003/9416394.1

1    violation of RCW 19.40.041.

2    117.    Upon information and belief, S4S's transfers to KPSI constituted fraudulent

3    transfers under RCW 19.40.041 because the transfers were made by S4S without receiving a

4    reasonably equivalent value in exchange for the transfer, and S4S became insolvent as a result of

5    the transfer.

6    118.    Upon information and belief, S4S's transfer of its assets to KPSI was caused and

7    directed by the Kleins, and done for the benefit of the Kleins.

8    119.    Upon information and belief, KPSI knowingly accepted all or substantially all of

9    S4S's assets with the intent to assist S4S in evading the contempt judgment in the Third Lawsuit

10   and the judgment in the Fourth Lawsuit and attempted to place the assets beyond CEMCO's reach.

11   120.    Upon information and belief, the Kleins knowingly accepted the proceeds of S4S's

12   assets to KPSI with the intent to assist S4S in evading the contempt judgment in the Third Lawsuit

13   and the judgment in the Fourth Lawsuit and attempted to place the proceeds beyond CEMCO's

14   reach.

15   121.    The transfer of S4S's assets is voidable under RCW 19.40.041.

16   122.    As the transfers received by Defendants are voidable under RCW 19.40.041.

17   123.    CEMCO is entitled to remedies pursuant to RCW 19.40.071, including avoidance

18   of the transfer and an injunction against further disposition of the Transferred Assets.

19   124.    Pursuant to RCW 19.40.081(2)(a), Plaintiff is entitled to judgment against

20   Defendants for the value of the Transferred Assets or the amount necessary to satisfy Plaintiff's

21   claims.

22   125.    Plaintiff requires injunctive relief to maintain the status quo and prevent any further

23   transfer or dissipation of the properties, assets, and proceeds that are the subject of this action.

24   126.    As a direct and proximate result of the Defendants' wrongful actions, the Plaintiff

25   will suffer imminent injury that will be irreparable and for which no remedy at law exists without

26

27

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 15

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

1    the protections of injunctive relief.

2                              **DEMAND FOR JURY TRIAL**

3        127.    Plaintiff hereby exercises its right to a jury trial under the Seventh Amendment to

4    the United States Constitution, and pursuant to Fed. R. Civ. Proc., Rule 38, and demand a jury trial

5    in accordance therewith.

6                                **PRAYER FOR RELIEF**

7        WHEREFORE, Plaintiff requests this Court to grant the following relief:

8        a.    That Plaintiff be awarded judgment in their favor and against Defendants in the

9    amount of $10,000,000 in compensatory damages or according to proof, for patent infringement,

10   and/or fraudulent transfer of assets;

11       b.    That Plaintiff be awarded treble damages, their costs of suit and reasonable

12   attorneys' fees under Title 35;

13       c.    That Defendants be preliminarily and permanently enjoined from selling any

14   products that infringe any claim of any of the Patents;

15       d.    That Defendants be preliminarily and permanently enjoined from using any assets

16   received from S4S to sell any products;

17       e.    Interest on all damages, according to proof; and

18       f.    Any and all other relief that the Court deems proper.

19

20

21

22

23

24

25

26

27

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 16

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1

1       DATED: June 16, 2023

2                              LANE POWELL PC

4                              By: _Paul Swanson_____

                                 Paul D. Swanson, WSBA No. 13656

5                                  1420 Fifth Avenue, Suite 4200

                                 P.O. Box 91302

6                                  Seattle, Washington 98111-9402

                                 Telephone:  206.223.7000

7                                  swansonp@lanepowell.com

9                              TROJAN LAW OFFICES

10                             R. Joseph Trojan (*PHV pending*)

                             Dylan C. Dang – (*PHV pending*)

11                             trojan@trojanlawoffices.com

                            dang@trojanlawoffices.com

12                             9250 Wilshire Blvd., Suite 325

                            Los Angeles, CA 90017

13                             T: (213) 214-3268

                            F: (310) 691-1086

15                             Attorneys for Plaintiff CEMCO, LLC

COMPLAINT FOR PATENT INFRINGEMENT AND
FRAUDULENT TRANSFER OF ASSETS - 17

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131697.0003/9416394.1