The Hon. James L. Robart

1

2

3

4

Patrick C. Bageant (No. 44268)
HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343
Facsimile: (208) 686-8247
Email: pbageant@hollystonelaw.com

5

6

7

Thomas E. Loop (No. 27546)
LOOP INTELLECTUAL PROPERTY LAW
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: 206-568-3100
Email: thomas@seattlepatentlaw.com

8

9

*Attorneys for Defendants*

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

15

16

17

18

19

20

21

22

23

| | |
|---|---|
| CEMCO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KPSI Innovation, Inc., a Delaware corporation, SERINA KLEIN, an individual, KEVIN KLEIN, an individual, and JAMES A. KLEIN, an individual,<br><br>Defendants. | Case No. 2:23-cv-00918-JLR<br><br>DEFENDANTS' MOTION TO DISMISS<br><br>Note on Motion Calendar: Friday, September 8, 2023<br><br>Oral Argument Requested |

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

1

2

CONTENTS

3   I.      INTRODUCTION ...................................................................................................... 1

4   II.     ARGUMENT ............................................................................................................. 2

5           A.      The Patent Claims Must Be Dismissed Unless and Until Clark is
6                   Joined. ............................................................................................................ 3

7                   1.      The Amended Complaint Does Not Establish CEMCO's
                            Article III Standing, Nor Does it Establish Statutory
8                           Standing to Bring the Patent Claims in ClarkDietrich's
                            Absence. .............................................................................................. 3

9                           a.      The Amended Complaint Does Not Establish Article III
10                                  Standing. .................................................................................. 4

11                          b.      CEMCO Has Not Established Statutory Standing. ......................... 6

12                  2.      Clark is an Indispensable Party and Must Be Joined Under
                            Rule 19. ............................................................................................... 8

13                  3.      The Amended Complaint Does Not State Plausible Claims
                            for Patent Infringement Because it Lacks Essential
14                          Allegations. ........................................................................................ 9

15                  4.      The Amended Complaint Does Not Allege Facts that
16                          Plausibly Support an Inference of Direct Infringement. ......................... 10

17                  5.      The Amended Complaint Does Not Plausibly Allege
                            Induced Patent Infringement. .................................................................. 12

18          B.      The Individual Claim (Count Five) Asks to Peirce the Corporate Veil
19                  Without Pleading Essential Elements Under Washington Law. ............................ 15

20          C.      CEMCO's Fraudulent Transfer Claims Fail. ............................................................ 17

    III.    CONCLUSION ............................................................................................................. 19

21

22

23

24

25

26

27

28   DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

*i*

The Hon. James L. Robart

# AUTHORITIES

## <u>Cases</u>

*Abbott Lab'ys v. Diamedix Corp.*,
47 F.3d 1128 (Fed. Cir. 1995) ............................................................................. 8

*Allen v. Wright*,
468 U.S. 737 (1984) ............................................................................................ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................. 3, 10, 12

*Astornet Techs. Inc. v. BAE Sys., Inc.*,
802 F.3d 1271 (Fed. Cir. 2015) ......................................................................... 12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................... 3, 10, 11, 12

*Bennett v. Spear*,
520 U.S. 154 (1997) ............................................................................................ 7

*California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems LLC v. James A. Klein, and Blazeframe Industries, Ltd.*,
No. CV16-5968 (C.D. Cal., August 10, 2016) .................................................... 1

*California Expanded Metal Products Company v. Clarkwestern Dietrich Building Systems LLC, James A. Klein, and Blazeframe Industries, Ltd.*,
No. CV12-10791 (C.D. Cal., July 1, 2015) ........................................................ 1

*CEMCO et al. v. Klein et al.*,
No. 2:18-cv-00659 (W.D. Wash., January 10, 2018) ............................... 1, 5, 11

*Elk Grove Unified School Dist. v. Newdow*,
542 U.S. 1 (2004) ............................................................................................... 6

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ......................................................................... 10

*In re Churchill Mort. Inv. Corp.*,
256 B.R. 664 (Bankr. S.D.N.Y. 2000) .......................................................... 18, 19

*In re Financial Federated Title & Trust, Inc.*,
872 F.3d 1235 (11th Cir. 2017) ......................................................................... 18

*In re Mid-Illini Hardwoods, LLC*,
576 B.R. 598 (Bankr. C.D. Ill. 2017) ................................................................ 18

*In re PSN USA, Inc.*,
615 F. App'x 925 (11th Cir. 2015) .................................................................... 18

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

*ii*

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

*In re Think Retail Solutions, LLC*,
    No.17-ap-5078, 2019 WL 2912717 (Bankr. N.D. Ga. 2019) ........................................... 18

*In re Universal Clearing House Co.*,
    60 B.R. 985 (D. Utah 1986) .................................................................................................. 18

*Kipperman v. Onex Corp.*,
    411 B.R. 805 (N.D. Ga. 2009) ............................................................................................. 18

*Kowalski v. Tesmer*,
    543 U.S. 125 (2004) .............................................................................................................. 6

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ........................................................................................................ 6, 7

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019) ..................................................................................... 6, 7, 8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .............................................................................................................. 4

*McRee v. Goldman*,
    No. 11-CV-00991, 2012 WL 929825 (N.D. Cal. 2012) .................................................... 15

*Meisel v. M & N Modern Hydraulic Press Co.*,
    97 Wash.2d 403 (1982) ....................................................................................................... 16

*Morgan v. Burks*,
    93 Wash.2d 580 (1980) ....................................................................................................... 15

*Nw. Cascade, Inc. v. Unique Const., Inc.*,
    180 Wash. App. 1017 (2014) ......................................................................................... 15, 16

*Osawa v. Onishi*,
    33 Wash. 2d 546 (1949) ...................................................................................................... 18

*Panduit Corp. v. Stahlin Bros. Fibre Works*,
    575 F. 2d 1152 (Fed. Cir. 1978) ........................................................................................... 9

*Paradise Creations, Inc. v. UV Sales, Inc.*,
    315 F.3d 1304 (Fed. Cir. 2003) ............................................................................................ 4

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016) ..................................................................................... 12, 13

*Prima Tek II, L.L.C. v. A-Roo Co.*,
    222 F.3d 1372 (Fed. Cir. 2000) ............................................................................................ 6

*QXMedical, LLC v. Vascular Solutions, LLC*,
    2019 WL 4862053 (D. Minn. 2019) ................................................................................... 14

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574, 585 (1999) ...................................................................................................... 6

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

*Warner-Lambert Co. v. Apotex Corp.*,
    316 F.3d 1348 (Fed. Cir. 2003) ........................................................................... 12

<u>Statutes</u>

35 U.S.C. § 271 ........................................................................................... 7, 8, 11, 15

<u>Rules</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure .............................................. 2, 3

Rule 12(b)(6) of the Federal Rules of Procedure ...................................................... 2, 3

Rule 19 of the Federal Rules of Civil Procedure ............................................... 2, 4, 8, 9

Rule 8 of the Federal Rules of Civil Procedure ....................................................... 3, 15

<u>Treatises</u>

24 Am. Jur., Fraudulent Conveyances, § 22 ................................................................ 18

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

*iv*

The Hon. James L. Robart

1

## I.        INTRODUCTION

2          This lawsuit is a continuation of what can fairly be called serial litigation by CEMCO,

3    LLC ("CEMCO"), against James Klein and his related businesses. Initial lawsuits resulted in

4    settlements whereby Klein agreed to transfer patents to CEMCO or Clarkwestern Dietrich

5    Building Systems, LLC ("Clark") in return for money from CEMCO,[1] the parties agreed to cross-

6    license patents,[2] or, most recently and in this Court, the parties agreed to a walkaway in return for

7    an injunction and promises of future conduct.[3]

8          After the most recent complaint filed against him in this Court, Mr. Klein's efforts to

9    continue the non-infringing aspects of his business resulted in a disagreement about the scope of

10   the aforementioned injunction. Ultimately, Mr. Klein and his business colleagues lost, in that the

11   Court determined that although they had not infringed any of CEMCO's patents, some of their

12   conduct had induced others to do so.[4]

13         Mr. Klein is taking his lumps. He recognizes that he and his companies are liable for

14   portions of the judgment in the contempt proceeding in this Court, and he recognizes that the

15   judgment must be paid. KPSI Innovations, Inc. ("KPSI"), was formed to buy certain assets from

16   his prior business colleagues, precisely so that those assets could be put to profitable use.

17         KPSI and the Kleins have a right to do these things, so long as they respect the law and

18   the orders of this Court. They are prohibited to sell intumescent strips on metal tracks, and to

19   induce others to do so. They are not prohibited to sell firestopping products generally, or to sell

20   any of the many other non-infringing products they have made and sold in the past. Nor are they

21

22
_____

23   [1] *California Expanded Metal Products Company v. Clarkwestern Dietrich Building Systems LLC,
     James A. Klein, and Blazeframe Industries, Ltd.*, No. CV12-10791 (C.D. Cal., July 1, 2015).

24   [2] *California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems
     LLC v. James A. Klein, and Blazeframe Industries, Ltd.*, No. CV16-5968 (C.D. Cal., August 10,

25   2016).
     [3] *CEMCO et al. v. Klein et al.*, No. 2:18-cv-00659 (W.D. Wash., January 10, 2018) (transferred

26   from C.D. Cal.)
     [4] *Id*. at dkt. No. 301.

27

28   DEFENDANTS' MOTION TO DISMISS                              **HOLLYSTONE LAW**
                                                                1775 West State Street, #286
     Case No. 2:23-cv-00918-JLR                                     Boise, ID 83702
                                        1                     Telephone: 208-596-5343

The Hon. James L. Robart

1  prohibited to sell intumescent strip products, so long as they do not offend the Plaintiff's patents

2  or the Court's orders.

3      To respect those boundaries, they take express precautions. They do not sell intumescent

4  strip products affixed to any header or track, because that is what CEMCO's patents claim. They

5  make this decision not for business reasons, but rather to avoid any possibility of direct patent

6  infringement. When they do sell stand-alone intumescent strips – which this Court has already

7  held have plenty of non-infringing uses – they take pains to instruct customers to not use them at

8  the head of a wall without consulting CEMCO's patents and then making their own decisions.

9  Again, they do so not for business reasons but rather to inoculate themselves against any plausible

10  allegation that they are inducing their customers to use KPSI's products in an infringing manner.

11      The instant Amended Complaint asserts the same patents, on the same theories of

12  infringement, as in the prior litigations among the parties. A right to relief on those claims is not

13  plausible on its face in light of prior adjudications, changed course of conduct by the Defendants,

14  and pleading rules involving jurisdiction and standing. For the reasons that follow, the Defendants

15  respectfully request the Court enter an order dismissing this action.

16              **II.      ARGUMENT**

17      The Amended Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of

18  the Federal Rules of Procedure. The patent allegations all fail under Rule 12(b)(1) because the

19  Plaintiff – CEMCO – does not have Article III standing to assert them. They fail under Rule

20  12(b)(6) because even if CEMCO did have jurisdictional standing, it does not have statutory

21  standing and it has failed to join an indispensable party pursuant to Rule 19 of the Federal Rules

22  of Civil Procedure. CEMCO's alter ego claim fails under Rule 12(b)(6) because it does not allege

23  any duty KPSI owes to CEMCO (none exist) nor does it allege CEMCO is a creditor to KPSI.

24  Without these obligations, veil-piercing, which isn't even a "claim" under the governing

25  Washington law, simply is not adequately pleaded. Finally, CEMCO's fraudulent transfer claims

26

27

28

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

fail to satisfy Rule 12(b)(6) as well. The Defendants request, for the reasons that follow, that the Amended Complaint be dismissed.

**A.      The Patent Claims Must Be Dismissed Unless and Until Clark is Joined.**

CEMCO's patent claims must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because CEMCO lacks Article III standing to assert them, CEMCO does not fall within the zone of interests the patent act protects, and CEMCO has failed to join a necessary party. Further, and in addition to these defects in CEMCO's status as a party, CEMCO's patent infringement claims also fall short of Rule 8's pleading standards. CEMCO asserts virtually zero facts in support of these causes of action. On its face and accepted as true, the Amended Complaint does not describe a single, actual act of direct infringement (as opposed to conclusory allegations that direct infringement occurred, somewhere, somehow, by someone). Nor does it contain any allegation with a fact that would support an inference that Defendants ever gave an instruction or direction with specific intent to induce another to infringe. These claims thus fail pleading requirements of Rule 8 as clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

1.      <u>The Amended Complaint Does Not Establish CEMCO's Article III Standing, Nor Does it Establish Statutory Standing to Bring the Patent Claims in ClarkDietrich's Absence.</u>

CEMCO's Amended Complaint alleges that CEMCO owns the asserted patents but has licensed them "exclusively" to Clarkwestern Dietrich Building Systems, LLC ("Clark"). (Amd. Compl. ¶¶12, 20.) It alleges that Clark is the only entity that may practice the patents, and that Clark is the only entity that does so. (*Id*. ¶¶12-13.) It asserts that any alleged infringement therefore causes harm to Clark in the form of lost profits. (*Id*. ¶60.) CEMCO's theory of injury is that, if Clark were to make more money, then Clark would pay some of that money to CEMCO pursuant to a private contract, as a royalty. (*Id*. ¶¶60, 69, 77, 85, 93, 102.)  And, CEMCO's theory of redressability is that if the Court enjoined the Defendants, and all alleged infringement ceased, then Clark would choose to manufacture, produce, and sell more patented products (therefore

---

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

The Hon. James L. Robart

1  bringing additional revenues and profits to Clark, some of which Clark may then pass along to

2  CEMCO pursuant to their separate contract). (*Id*. ¶60.)

3       Clark, however, is completely absent. It is not a Plaintiff here. Its absence is fatal to

4  CEMCO's attempt to assert the patent claims at issue for three reasons: Article III standing, so-

5  called "statutory" or prudential standing, and Rule 19's requirement to join necessary parties.

6              a.       The Amended Complaint Does Not Establish Article III Standing.

7       To proceed without Clark, CEMCO must satisfy the three elements of Article III standing.

8  First, it must allege plausibly that it has suffered an "'injury in fact' – an invasion of a legally

9  protected interest." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir.

10  2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Second, "there must

11  be a causal connection between the injury and the conduct complained of." *Id*. And, third, "it

12  must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a

13  favorable decision.'" *Id*. CEMCO's Amended Complaint does not sufficiently allege an injury-in-

14  fact to CEMCO that is fairly traceable to the Defendants and that a favorable court decision

15  would be "likely" rather than speculatively to address. *Paradise Creations*, 315 F.3d at 1308

16  (quoting *Lujan*, 504 U.S. at 560-61).

17       First, the injury CEMCO asserts is alleged lost contractual royalties it believes that Clark

18  would pay to CEMCO if Defendants were not intruding upon Clark's exclusive right to practice

19  the patents. Thus, CEMCO is attempting to assert <u>Clark</u>'s right to exclude the Defendants from

20  practicing the patents, in the hopes that doing so will cause <u>Clark</u> to pay money to CEMCO

21  pursuant to a licensing contract. This allegation does not establish that the <u>Defendants</u> have

22  harmed CEMCO – it may plausibly support an allegation they have harmed Clark, and that

23  Clark's business decisions to enforce, or not enforce, its patent rights may also affect CEMCO.

24  But at the end of the day it would be Clark that the alleged infringement harms, because it is

25  Clark who holds what CEMCO concedes is the "exclusive" right to practice (and the

26  corresponding right to exclude practice of) the patents. The actual, "concrete" injury CEMCO

27

28

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

1   complains of is a contractual right to royalties from Clark, and that alleged harm is not causally

2   connected to the Defendants' alleged patent infringement.

3        Second, this defect – CEMCO's effort to assert Clark's right to exclude in order to recover

4   based on alleged injuries to Clark – also makes CEMCO's injury speculative and not "likely" as

5   Article III requires. CEMCO asserts that its injury is royalties from sales Clark would have made,

6   but the Court will recall that Clark's attempts in prior litigation to quantify its own "lost profits"

7   have failed because even when Clark attempted to do so from a first-person perspective, its effort

8   was too speculative. *CEMCO, et al., v. James A. Klein, et al.*, No. 2:18-cv-00659-JLR (November

9   14, 2022, R&R), dkt. No. 310 at 11-14 ("Plaintiffs have not established evidence sufficient to

10  justify an award of lost profits."); *id*. at Dkt. No. 332 (January 26, 2023, Order) (adopting R&R).

11  What CEMCO now proposes is to prove Clark's lost profits from a more distant third-person

12  perspective, entirely without Clark's presence, and then recover a royalty percentage on that

13  amount. This twice-removed analysis is too speculative, and far short of "likely," to satisfy

14  Article III. Clark, not CEMCO, must assert Clark's right to exclude. And Clark, not CEMCO,

15  must claim any alleged damages that supposed invasion of that right caused.[5]

16       Redressability fails as well. Even if CEMCO were successful in proving that the

17  Defendants had engaged in patent infringement that cost Clark sales, enjoining the alleged

18  infringement would not force Clark to increase production, acquire more customers, or market

19  more products. Nor would it force customers to purchase Clark's products. And, even if all of the

20  foregoing speculative events did take place, it also would not force Clark to abide by the alleged

21  royalty contract. Clark's desire and capacity to produce patented products, the market's desire to

22  purchase them, and the alleged contractual relationship with CEMCO, all hinge on matters

23  _____

24  [5] If Clark were to proceed in prosecuting its own rights, then the amount it allegedly must pay
    CEMCO in royalties would offset its profit, and reduce the damages Defendants owe – this

25  further underscores that CEMCO's alleged royalty from Clark is not a valid basis for damages
    to CEMCO. It could be a basis for a contract demand by CEMCO to Clark but, to the extent

26  both Clark's profit and CEMCO's royalties are to be before the Court, both Clark <u>and</u> CEMCO

27  must be present as well.

28  _____

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

between, and decisions of, non-parties to this action. Even if CEMCO's alleged injury were ultimately redressed, the redress would come from the private and un-compelled decisions of free actors outside this Court, none of which would be traceable to any order this Court may issue.

### b.    CEMCO Has Not Established Statutory Standing.

In addition to Article III standing, to proceed without Clark, CEMCO must also meet the more prudential requirements of statutory standing. These rules, which constrain litigation to the true parties in interest, require courts to "address the alternative threshold question" of whether the rights and harms the plaintiff complains of actually belong to (or are more proximate to) someone else. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999).[6]

The rule, which requires that a plaintiff raise its own rights and not those of another, "encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014) (clarifying and refining *Elk Grove* by explaining that (1) a plaintiff must be within the group of entities permitted to sue under the statute, and (2) the plaintiff's harm must have been "proximately caused" by the alleged violation of the statute). Thus, the same principle holding that criminal attorneys are not permitted to challenge state court criminal procedure on behalf of their indigent defendants (*Kowalski v. Tesmer*, 543 U.S. 125, 128-130 (2004)), prevents licensees from asserting patents without joining the licensor (*Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1380-81 (Fed. Cir. 2000).)

---

[6] The Federal Circuit recently clarified, in light of *Lexmark*, that although the result is the same as Article III standing (i.e., dismissal), whether a party possesses all substantial rights in a patent (and may proceed as a plaintiff) or whether the party is attempting to assert rights of another (and may not proceed without joining the other) implicates the presence of a cause of action rather than subject-matter jurisdiction. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235-36 (Fed. Cir. 2019).

---

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

On the facts alleged in the Amended Complaint, CEMCO does not fall within the class of plaintiffs whom Congress has authorized to sue under the patent act. *See Lexmark*, 572 U.S. at 128. The pertinent portion of the patent statute, 35 U.S.C. § 271(a), provides that:

> [W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor, infringes the patent.

35 U.S.C. § 271(a).

In a vacuum this statutory prohibition might authorize a private cause of action by anyone under the sun, but it cannot be construed that way. The Court must "presume that a statutory cause of action extends only to plaintiffs whose interests 'fall within the zone of interests protected by the law invoked.'" *Lexmark*, 572 U.S. at 129 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). This zone-of-interests test "applies to all statutorily created causes of action" because it is a "requirement of general application" that "Congress is presumed to "legislate against the background of" the zone-of-interests limitation, "which applies unless it is expressly negated." *Id.* at 129 (quoting *Bennett v. Spear*, 520 U.S. 154, 163 (1997).

The zone of interests that fall within 35 U.S.C. § 271(a)'s protection of "any patented invention" is the zone of the patent right itself – i.e., § 271 protects the right to exclude others from practicing the invention claimed in the patent. Under *Lexmark* and *Lone Star,* the boundary of that zone of interests is therefore the boundary of the right to exclude. CEMCO is not a plaintiff "whose interests fall within the zone of interests protected by the law invoked" (*Lexmark Int'l, Inc.*, 572 U.S. at 129) because it is Clark (not CEMCO) who holds the patent right to exclude. The Amended Complaint concedes as much. It alleges that Clark is the "exclusive" licensee, and that Clark is the only entity that makes products that practice the patents. The Amended Complaint's theory of injury (i.e., that intrusion upon Clark's right to exclude costs Clark money, some of which CEMCO might have received as a royalty in return for Clark's exclusive right to the patents) reinforces this further because it shows that CEMCO's <u>only</u> legal rights flow from a contract with Clark, and <u>not</u> the patent act.

---

**DEFENDANTS' MOTION TO DISMISS**

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

1    CEMCO simply does not fall within the zone of interests protected by 35 U.S.C. § 271(a).

2    The Amended Complaint therefore does not state a cause of action on behalf of CEMCO, nor can

3    it do so unless or until Clark joins and asserts its own rights.

4         2.    <u>Clark is an Indispensable Party and Must Be Joined Under Rule 19.</u>

5         Independent of its standing and cause-of-action defects, the Amended Complaint's patent

6    allegations also must be dismissed for failure to join Clark as a necessary party under Rule 19 of

7    the Federal Rules of Civil Procedure.

8         A person is a necessary party – and "must" be joined – if they are subject to process

9    (Clark is), their joinder would not destroy the Court's subject-matter jurisdiction (it would not),

10   and:

11        (A) in that person's absence, the court cannot accord complete relief
             among existing parties; or
12

13        (B) that person claims an interest relating to the subject of the action
             and is so situated that disposing of the action in the person's
14           absence may:

15        (i) as a practical matter impair or impede the person's ability to
             protect the interest; or
16

17        (ii) leave an existing party subject to a substantial risk of
              incurring double, multiple, or otherwise inconsistent
              obligations because of the interest.
18

19   (Fed. R. Civ. P. 19(a).) The Federal Circuit has interpreted Rule 19 (and *Independent Wireless*,

20   upon which the Rule was based) as directing courts to join patentees along with licensees who

21   otherwise have standing. In *Abbott*, for example, it explained that such joinder is "required" and

22   consistent with "the policies underlying Fed. R. Civ. P. 19." *Abbott Lab'ys v. Diamedix Corp.*, 47

23   F.3d 1128, 1133 (Fed. Cir. 1995). And, the Federal Circuit has been clear that "Rule 19 applies

24   with equal force regardless of whether joinder is prompted by the patentee or the licensee." *Lone*

25   *Star Silicon Innovations LLC*, 925 F.3d at 1237.

26

27

28   _____
     **DEFENDANTS' MOTION TO DISMISS**

     Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

Clark meets every element of the Rule 19 test. The Court will not be able to "accord complete relief among the existing parties" in Clark's absence because, according to CEMCO, it is Clark who must tell the parties what Clark's alleged lost profits would have been, collect those profits, and then disburse some of them to CEMCO pursuant to prior agreement. This will require exhaustive and fact-intensive analysis of the demand for Clark's products, the presence or absence of acceptable non-infringing substitutes to Clark's products, Clark's manufacturing and marketing capability to exploit the hypothetical demand, and detailed financial analysis of Clark to attempt to arrive at the amount of profit Clark lost as a result of the infringement (as opposed to some other factor of Clark's business, the market, or customer preference). *See Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F. 2d 1152, 1156 (Fed. Cir. 1978).

Similarly, Clark is situated such that disposing of the action in Clark's absence will impede Clark's ability to protect its interests – a lost profits litigation about Clark's business will result in judicial findings about Clark based on arguments of adversarial third parties with stakes and desired outcomes that are selfish to their own interests, not Clark's.

Finally, proceeding without Clark would leave the Defendants subject to a substantial risk of incurring double or otherwise inconsistent obligations. CEMCO hopes to prove that the Defendants should pay it a percentage of the alleged profits that Clark would have made. Even if CEMCO were to prevail it would only open the door to another litigation and proceeding as to whether the Defendants should pay Clark money, too. That litigation is likely to produce a different lost profits calculation, because it would take place at a different time (and therefore under different market conditions), which all but guarantees an inconsistent result. Rule 19's command is that all of this should be adjudicated one time, with Clark as a party.

3. The Amended Complaint Does Not State Plausible Claims for Patent Infringement Because it Lacks Essential Allegations.

The Amended Complaint's first four counts for patent infringement are identical. (*See* Amd. Compl. ¶¶63-94.) Each alleges in conclusory fashion that one of the Defendants infringed

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

9

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

CEMCO's patents directly, indirectly, and by inducement. (*See id*.) None of the counts themselves recite or allege any facts – they are pure legal conclusions. Nor, for the reasons below, does the remainder of the Amended Complaint recite facts sufficient to plausibly support the conclusory patent infringement allegations recited in the counts.

Allegations of direct infringement are subject to the standards established by *Twombly*, 550 U.S. at 544, and *Iqbal*, 556 U.S. at 662. A court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Rather, a plaintiff must allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Courts do not require heightened fact pleading of specifics, *Twombly*, 550 U.S. at 570, but a plaintiff must allege ''enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged.' *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012).

"Enough facts" obviously requires some facts. CEMCO's allegations of direct infringement fall short of this standard because the Amended Complaint does not identify or allege a single act of direct infringement by the Defendants (or anyone else). And, its allegations of induced infringement fail because CEMCO does not identify a single instruction, direction, statement, or act by the Defendants that would give rise to a plausible inference of specific intent to cause third parties to infringe.

4.   <u>The Amended Complaint Does Not Allege Facts that Plausibly Support an Inference of Direct Infringement.</u>

To plead direct infringement, a plaintiff must plausibly allege that a defendant has (without authority) made, used, offered to sell, or sold in the United States an invention that is

---

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

1  protected by an unexpired patent. *See* 35 U.S.C. § 271(a). As CEMCO's own Amended

2  Complaint concedes, each of the patents asserted here claim "head-of-wall products that comprise

3  an intumescent strip . . . affixed on a sidewall of a header, wherein the intumescent strip expands

4  in a fire." (Amd. Compl. ¶11 (emphasis added).) Thus, to state a claim for direct patent

5  infringement, CEMCO must allege that the Defendants have made, used, offered to sell, or sold in

6  the United States, head-of-wall products that comprise an intumescent strip affixed on a sidewall

7  of a header.

8      Nothing in the Amended Complaint alleges that KPSI or any other Defendant makes,

9  uses, offers for sale, or sells any form of header. CEMCO does not make this allegation because

10  CEMCO knows that the Defendants do not make or sell any metal track products with

11  intumescent strips affixed. At all. Instead, the Amended Complaint repeatedly asserts in

12  conclusory fashion that the Defendants have engaged in direct infringement or have committed

13  infringing acts without specifying a single fact that suggests or supports the presence of a header

14  track. This falls short of *Twombly*'s "facial plausibility" standard because – without even a single

15  allegation of a track or header – the complaint is no "more than labels and conclusions, and a

16  formulaic recitation of the elements of a cause of action" that, as Twombly put it, "will not do."

17  *Twombly*, 550 U.S. at 570.

18      This failure becomes stark in the light of prior litigation among the parties. On the one

19  hand, CEMCO's Amended Complaint alleges that KPSI and the individual Defendants are liable

20  for patent infringement because they are supposedly doing the same thing Safti-Seal and

21  Seal4Safti did. (*See* Amd. Cmpl. ¶31; *Cf. id*. at ¶¶46-47.) But, on the other hand, the Amended

22  Complaint ignores that this Court has already found the things Safti-Seal and Seal4Safti were

23  doing were <u>not</u> direct infringement. *See CEMCO, et al., v. James A. Klein, et al.*, No. 2:18-cv-

24  00659-JLR (February 16, 2022, Order), dkt. No. 301 at 22 (adopting finding of no contributory or

25  direct infringement by Safti-Seal, Inc., James Klein, or Seal4Safti, Inc.).) The prior direct

26  infringement claims were dismissed, in a final adjudication, precisely because the defendants in

27

28

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

11

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

the prior litigation did not sell track products to which an intumescent strip was "affixed." *Id*. To the extent CEMCO contends Defendants are doing the same, it follows that the direct infringement claim must fail; to the extent CEMCO contends they are doing something differently, the Amended Complaint does not state what that might be and, therefore, falls short of the notice pleading requirements of *Twombly*.

CEMCO does not plausibly allege direct patent infringement because there isn't any to allege. KPSI makes many products, but exactly none of them are wall assemblies or track products with an affixed intumescent strip – which the Amended Complaint acknowledges the patent claims require. (Amd. Compl. ¶11.) The Court should dismiss the direct patent infringement claims with prejudice.

5.    <u>The Amended Complaint Does Not Plausibly Allege Induced Patent Infringement.</u>

To state a claim for induced patent infringement, a plaintiff must plausibly allege that at least one third party engaged in direct infringement and that the defendant "took an affirmative act to encourage [direct] infringement with the knowledge that the induced acts constitute patent infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016) (quoting *Astornet Techs. Inc. v. BAE Sys., Inc.*, 802 F.3d 1271, 1279 (Fed. Cir. 2015). A plaintiff need not spell out every allegedly wrongful act, but a complaint must contain enough meat to put the defendant on notice of what conduct is at issue. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

It is not sufficient to merely allege that some third party, somewhere, engaged in direct infringement somehow, and that the Defendant knew about it – mere "knowledge of the acts alleged to constitute infringement" is not enough. *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363-64 (Fed. Cir. 2003) (affirming summary judgment of no induced infringement based upon lack of evidence that the defendant manufacturer actually encouraged or promoted customers to use its product in a manner that would infringe, even though the manufacturer knew

---

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

1    that the product was indeed used at times in a manner that infringed). Rather, to state a claim, a

2    plaintiff <u>must</u> plausibly allege at least some fact that would support a conclusion that the

3    defendant took "an affirmative act" knowing that doing so would cause the customer to infringe.

4    *Id*; *Power Integrations, Inc.*, 843 F.3d at 1332.

5         CEMCO's allegations do not meet this standard. Each of the patent infringement counts

6    do include the words "inducing infringement" in boilerplate recitations of the elements of the

7    cause of action. But they do not allege any communication, act, or event that suggests it is

8    plausibly true. The closest the Amended Complaint comes are passing comments, like that KPSI

9    is allegedly "instructing its customers in the United States to use its products in an infringing

10   manner" (e.g., Amd. Compl. ¶67) but this statement is bare. The Amended Complaint makes no

11   effort say how the supposed instruction was made, or what it contained, or even to whom it was

12   directed apart from vague and unspecified "customers." To the extent it puts Defendants on notice

13   of the conduct at issue, as *Twombly* requires, it puts them broadly on "notice" of all acts that

14   encompass any business communication Defendants have, with every customer. That is not

15   sufficient.

16        The remainder of the Amended Complaint does not narrow the focus or fill in the gaps.

17   The other pertinent portion is a single sentence – paragraph 52 – which merely repeats the

18   conclusion again:

19                 Upon information and belief, KPSI intentionally took affirmative
20                 steps to induce infringement of the Patents by: providing
                   instructions showing how to use KPSI's products and components
21                 in an infringing manner; and/or recommending the application of
                   KPSI's products and components to header track [*sic*] in an
22                 infringing manner.

23   (Amd. Compl. ¶52.) This allegation does not state a claim for induced patent infringement

24   because it merely recites the elements of inducement (instructing, showing, and/or

25   recommending) and does not plausibly allege any <u>fact</u>. This falls short of the pleading standards.

26

27

28

---

**DEFENDANTS' MOTION TO DISMISS**

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

1    Moreover, a defendant who instructs or teaches or directs another to <u>not</u> commit patent

2    infringement has an absolute defense. *QXMedical, LLC v. Vascular Solutions, LLC*, 2019 WL

3    4862053, *11 (D. Minn. 2019) (granting summary judgment of no inducing infringement because

4    the accused infringer had expressly instructed its customers to not use the accused product in an

5    infringing way).

6    KPSI is that type of defendant. In its instructions for use, KPSI specifically instructs

7    customers not to use the FRG products at head-of-wall, and it directs them expressly to examine

8    the patents that are asserted here:

9

10

11

12    

13

14

15

16

17

18

19

20

21

22    (August 16, 2023, S. Kein Decl. ¶8(b)-(c) & Exh. A.) The patents KPSI expressly warns

23    customers to consult before using FRG are, of course, the very patents CEMCO now asserts KPSI

24    induces customers to infringe. (Amd. Compl. at ¶10.) To the extent there is an "instruction," it is

25    an instruction to not infringe.

26

27

28    DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

1    KPSI does not make this warning to customers for any business reason. It does so to

2    prevent customers from directly infringing any of CEMCO's patents, and to protect KPSI from

3    induced-infringement claims like the ones asserted here. Given that KPSI instructs customers not

4    to infringe – and given the broad array of non-infringing uses that KPSI's products have – it

5    simply is not plausible to conclude that KPSI knowingly directs customers to infringe, with a

6    specific intent that they do so.

7    **B.    The Individual Claim (Count Five) Asks to Peirce the Corporate Veil Without
            Pleading Essential Elements Under Washington Law.**

8

9    The Court should dismiss the patent infringement allegations for reasons discussed above:

10   CEMCO is not the proper party to assert them (Clark must be present) and CEMCO hasn't

11   asserted them properly at any rate (the allegations it makes fall short of Rule 8's standard). The

12   Court should also dismiss count five on the separate ground that it requests to pierce a corporate

13   veil (which is a remedy not a "claim") without properly pleading a viable alter ego theory.

14   Under the patent law, the 'corporate veil' shields a company's officers from personal

15   liability for infringement that the officers commit in the name of the corporation, unless the

16   corporation is the officers' alter ego. *McRee v. Goldman*, No. 11-CV-00991, 2012 WL 929825,

17   *4 (N.D. Cal. 2012) (dismissing with prejudice claims of direct infringement asserted against a

18   corporate officer). To determine whether alter ego liability applies to alleged infringement under

19   § 271, courts apply the law of the regional circuit. The Ninth Circuit applies the law of the forum

20   state, which in this case is Washington State.

21   Washington courts treat the alter ego doctrine as a drastic remedy and disregard the

22   corporate form only with reluctance and caution. Washington allows the corporate veil to be

23   pierced only "when (1) [shareholders] have used the corporation to intentionally violate or evade

24   a duty owed to another, and (2) the shareholder's conduct resulted in an unjustified loss to a

25   creditor." *Nw. Cascade, Inc. v. Unique Const., Inc.*, 180 Wash. App. 1017 (2014) (quoting

26   *Morgan v. Burks*, 93 Wash.2d 580, 585 (1980)). To establish the first element, "the court must

27

28   DEFENDANTS' MOTION TO DISMISS

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

15

The Hon. James L. Robart

1   find an abuse of the corporate form, which typically involves fraud, misrepresentation, or some

2   form of manipulation of the corporate form to the stockholder's benefit and the creditor's

3   detriment. *Id.* (citing *Meisel v. M & N Modern Hydraulic Press Co.*, 97 Wash.2d 403, 410

4   (1982)). To establish the second element, "the wrongful corporate activities must harm the party

5   seeking relief so that disregard is necessary." *Id.* (citing *Meisel*, 97 Wash.2d at 410)).

6        The problems with CEMCO's attempt to plead veil-piercing are manifold. First, CEMCO

7   seeks to disregard the corporate form and impose shareholder liability upon James A. Klein and

8   Kevin Klein even though they are not shareholders. (August 16, 2023, S. Klein Decl. ¶¶4-5.) To

9   take all of CEMCO's allegations and accept them as true still would not justify imposing KPSI's

10  liabilities upon them.

11       As to Serina Klein, who is a shareholder in KPSI (*id.* ¶2), CEMCO still fails to plead its

12  theory adequately. CEMCO must plead that KPSI shareholders have "used the corporation to

13  intentionally violate or evade a duty owed to another," *Nw. Cascade, Inc.*, 180 Wash. App. at

14  1017, yet all of CEMCO's allegations are that Ms. Klein supervised, directed, or authorized

15  KPSI's infringing acts. (Amd. Compl. ¶97.) This does not allege a violation of a duty to CEMCO

16  – it merely alleges (at best) that the corporation intruded upon Clark's patent-right to exclude.

17  CEMCO cannot be the "another" that Washington law requires, because KPSI owes no duties to

18  CEMCO.

19       Furthermore, CEMCO must also plausibly allege that Serina Klein's supposed conduct

20  "resulted in an unjustified loss to a creditor," *Nw. Cascade, Inc.*, 180 Wash. App. at 1017, yet

21  CEMCO is not a creditor to KPSI. The only "loss" CEMCO alleges is an allegation, not a debt,

22  because it has not been proven. CEMCO cannot be a creditor to KPSI, because KPSI owes

23  CEMCO nothing.

24       CEMCO's Amended Complaint does not plausibly allege that any KPSI shareholder has

25  violated duties to CEMCO, or that CEMCO is a creditor to KPSI, because the gravamen of this

26  claim is infringement of Clark's patent rights – not CEMCO's. It contains no facts or allegations

27

28

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

16

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

that could distinguish it from the Amended Complaint's other claims and certainly nothing to justify the drastic and disfavored remedy of disregarding a duly-enacted business entity. Count five should be dismissed with prejudice.

## C.      CEMCO's Fraudulent Transfer Claims Fail.

The Amended Complaint's final two claims – for alleged fraudulent transfer under Washington State's adoption of the Uniform Fraudulent Transfer Act – must be dismissed with prejudice because they do not, and cannot, plausibly allege an essential element of those claims: that Seal4Safti, Inc., transferred assets to KPSI without receiving reasonably equivalent value.

The Amended Complaint asserts, and the Defendants do not dispute, that KPSI purchased certain assets from Seal4Safti, Inc., in February 2023. Specifically, KPSI acquired (1) raw materials for manufacturing a variety of products (including intumescent strip components and materials but also including raw materials for never-disputed products like smoke-and-sound gaskets or wall clips), (2) the Safti-Seal trademark, (3) follow-up services with Underwriter Laboratories, and (4) the Safti-Seal website. (August 16, 2023, S. Klein Decl. at ¶9.) KPSI received from Seal4Safti, Inc., no cash, receivables, bank accounts, or other assets Seal4Safti, Inc., had. (*See id*.)

The Amended Complaint alleges Seal4Safti, Inc., made this exchange without receiving reasonably equivalent value. (Amd. Compl. ¶¶106, 117.) But, in consideration for this exchange, KPSI gave to Seal4Safti, Inc., $83,495.99 plus a promise to take over the job of pressing Underwriter Laboratories to withdraw portions of certain certifications and listings pursuant to this Court's order. (*Id*. at ¶10.)

This plainly was "reasonably equivalent value" under the governing case law. Determining whether a debtor received reasonably equivalent value for the transfer under the Uniform Fraudulent Transfer Act is typically a three-part inquiry: (1) did the debtor receive some value, (2) was the value received in exchange for the transfer by the debtor, and (3) did the value

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

17

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

1  received by the debtor have a reasonable equivalence to what the debtor transferred? *In re Mid-*

2  *Illini Hardwoods, LLC*, 576 B.R. 598, 604 (Bankr. C.D. Ill. 2017).

3        The first two elements – did the debtor receive value, and was it in exchange for the

4  transfer? – are not disputed here. The parties disagreement relates to the third element: was the

5  value of reasonable equivalence to the transfer? The "answer to this question is not found by a

6  determination of the thing sold and the price received in very precise scales, 'but, all

7  circumstances considered, there should be a reasonable and fair proportion between the one and

8  the other.'" *Osawa v. Onishi*, 33 Wash. 2d 546, 557-58 (1949) (quoting 24 Am. Jur., *Fraudulent*

9  *Conveyances*, § 22, pp. 179, 180).

10        A court's inquiry regarding reasonably equivalent value under the Uniform Fraudulent

11  Transfer Act "must be on the specific transaction [sought] to avoid, i.e., the quid pro quo

12  exchange between the debtor and the transferee, rather than an analysis of the transaction's

13  overall value to a debtor as it relates to the welfare of the debtor's business." *In re Churchill*

14  *Mort. Inv. Corp.*, 256 B.R. 664, 678 (Bankr. S.D.N.Y. 2000). Courts seek to ensure that there is

15  an exchange of property that is a fair equivalent at a <u>general</u> level, asking whether the value of the

16  exchange was "disproportionately small as compared with the value of the property or obligation

17  obtained." *Id*. Courts examine "the objective value of the goods and services provided rather than

18  the impact the goods and services had on the bankrupt enterprise." *In re Think Retail Solutions,*

19  *LLC*, No.17-ap-5078, 2019 WL 2912717 at *16 (Bankr. N.D. Ga. 2019) (quoting *In re Financial*

20  *Federated Title & Trust, Inc.*, 872 F.3d 1235, 1248 (11th Cir. 2017) and *In re Universal Clearing*

21  *House Co.*, 60 B.R. 985, 998-99 (D. Utah 1986)); *In re PSN USA, Inc.*, 615 F. App'x 925, 932

22  (11th Cir. 2015) (the debtor may receive value even if the transfer increases its insolvency).

23        This must be done with the real-time circumstances of the transaction in mind. "Courts

24  will not look with hindsight at a transaction because such an approach could transform fraudulent

25  conveyance law into an insurance policy for creditors." *Kipperman v. Onex Corp.*, 411 B.R. 805,

26  837 (N.D. Ga. 2009). This is true even when the transaction in question harmed creditors and

27

28  DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

diminished the debtor's bankruptcy estate. Courts recognize that debtors often engage in "improvident purchases or expenditures which have a detrimental effect on creditors and may even be a precipitating cause of bankruptcy." *In re Churchill Mort. Inv. Corp.*, 256 B.R. at 681. "The fact that transactions may 'exacerbate the harm to creditors and diminish the debtor's estate' from an overall perspective does not mean that the debtor received less than reasonably equivalent value in respect of each particular transaction." *Id*.

Here, CEMCO cannot plausibly contend that $83,495.99, plus a promise to ensure compliance with this Court's orders, was anything other than reasonably equivalent value. $83,495.99 represents the actual, market cost of the inventory in question. (August 16, 2023, S. Klein Decl. ¶10(a).) Market price is a veritable definition of reasonable value. Also acquired were the Safti-Seal trademark, which has been abandoned in the USPTO and has a nominal market value, if any (*id*. ¶9(b)), and the Safti-Seal website which also had been abandoned and had nominal market value, if any (*id*. ¶9(c)). KPSI also received access to follow-on service for Underwriter Laboratory listings that Seal4Safti, Inc., had maintained, but this was a <u>liability</u> to KPSI and not an asset: KPSI received it in order to take over the task of prodding Underwriter Laboratories to revise its listings to comply with this Court's order, and the access imposed an <u>expense</u> upon KPSI and not a value in that it requires KPSI to pay quarterly fees to Underwriter Laboratories. (*Id*. ¶10(c).)

The Amended Complaint fails to plead facts that plausibly support the essential element of lack of reasonably equivalent value – it merely asserts that some exchange was made (it doesn't even say what) and, whatever it was, it occurred without reasonably equivalent consideration in exchange. Nor will CEMCO be able to amend to fix this defect. The premise of its claim is simply false. The fraudulent transfer claims should be dismissed with prejudice.

## III.        CONCLUSION

Each of the Amended Complaint's direct patent claims (contained in counts one through four) should be dismissed with prejudice. Its induced patent infringement claims (contained in

---

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

The Hon. James L. Robart

1    counts one through five) should be dismissed with leave to amend only if Clark is joined as a

2    party. Its vicarious liability claims (contained in count five) should be dismissed with prejudice.

3    Its fraudulent transfer claims (contained in counts six and seven) should be dismissed without

4    prejudice.

5

6

7

8    Dated: August 16, 2023                    By: */s/ Patrick C. Bageant*

9                                 Patrick C. Bageant (No. 44268)

10                                HOLLYSTONE LAW
                               1775 West State Street, #286

11                                Boise, ID 83702
                               Telephone: 208-596-5343

12                                Facsimile: (208) 686-8247
                               Email: pbageant@hollystonelaw.com

13

14                                Thomas E. Loop (No. 27546)
                               LOOP INTELLECTUAL PROPERTY LAW

15                                1700 Seventh Avenue, Suite 2100
                               Seattle, WA 98101

16                                Telephone: 206-568-3100
                               Email: thomas@seattlepatentlaw.com

17

18                                *Attorneys for Defendants*

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

The Hon. James L. Robart

1

2

<u>CERTIFICATE OF SERVICE</u>

3

4

  I hereby certify that on August 16, 2023, I caused the foregoing document to be filed with the Court's CM/ECF system, which will cause it to be served upon all counsel of record.

5

6

7

      By: <u>*/s/ Patrick C. Bageant*</u>

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATES

2:23-cv-00918-JLR

*i*

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343