The Hon. James L. Robart

1  Patrick C. Bageant (No. 44268)
   HOLLYSTONE LAW
2  1775 West State Street, #286
   Boise, ID 83702
3  Telephone: 208-596-5343
   Facsimile: (208) 686-8247
4  Email: pbageant@hollystonelaw.com

5  Thomas E. Loop (No. 27546)
   LOOP INTELLECTUAL PROPERTY LAW
6  1700 Seventh Avenue, Suite 2100
   Seattle, WA 98101
7  Telephone: 206-568-3100
   Email: thomas@seattlepatentlaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEMCO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KPSI Innovation, Inc., a Delaware corporation, SERINA KLEIN, an individual, KEVIN KLEIN, an individual, and JAMES A. KLEIN, an individual,<br><br>Defendants. | Case No. 2:23-cv-00918-JLR<br><br>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS<br><br>Note on Motion Calendar: Friday, September 8, 2023<br><br>Oral Argument Requested |

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

CONTENTS

I. INTRODUCTION .................................................................................................................. 1
    A. CEMCO's Photographs ............................................................................................. 1
    B. Article III Standing. .................................................................................................. 3
    C. Statutory Standing. ................................................................................................... 5
    D. Clark is an Indispensable Party Under Rule 19. ...................................................... 6
    E. CEMCO's Opposition Fails to Defend its Direct Infringement Allegations. ........... 8
    F. Induced Infringement. .............................................................................................. 8
    G. The Individual Claims. ........................................................................................... 10
    H. Fraudulent Transfer Claim. .................................................................................... 10
II. CONCLUSION .................................................................................................................... 11

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

i

The Hon. James L. Robart

# AUTHORITIES

## Cases

*Allen v. Wright*,
   486 U.S. 737 (1984) .................................................................................................... 5

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*,
   434 F.3d 1336 (Fed. Cir. 2006) ................................................................................... 4

*In re Churchill Mort. Inv. Corp.*,
   256 B.R. 664 (Bankr. S.D.N.Y. 2000) ....................................................................... 11

*Jones v. Gardner*,
   No. CV 12-998, 2013 WL 12284633 (W.D. Pa. June 28, 2013) ............................... 11

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014) .................................................................................................... 5

*Opperman v. Path, Inc.*,
   87 F. Supp. 3d 1018 (N.D. Cal. 2014) ...................................................................... 10

*Pearlman v. Alexis*,
   No. 09-20865-CIV, 2009 WL 3161830 (S.D. Fla. Sept. 25, 2009) ........................... 10

*Pregis Corp. v. Kappos*,
   700 F.3d 1348 (Fed. Cir. 2012) ................................................................................... 5

*QXMedical, LLC v. Vascular Solutions, LLC*,
   2019 WL 4862053 (D. Minn. 2019) ............................................................................ 9

*State Contracting & Engineering Corp. v. Condotte America, Inc.*,
   346 F.3d 1057 (Fed. Cir. 2003) ................................................................................... 3

## Statutes

35 U.S.C. § 154 ..................................................................................................................... 3

35 U.S.C. § 271 ................................................................................................................ 5, 6

35 U.S.C. § 281 ..................................................................................................................... 3

## Rules

Rule 19 of the Federal Rules of Civil Procedure ............................................................. 6, 7

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

*ii*

The Hon. James L. Robart

## I.    INTRODUCTION

CEMCO's Opposition to the Defendants' Motion to Dismiss does not solve the fundamental defects in CEMCO's Amended Complaint. The arguments it makes are either unsupported (e.g., absent from CEMCO's assertion that it preserved for itself substantial patent rights in its license agreement with Clark, is the license agreement itself), or else supported by evidence so completely uninvestigated as to be baffling (e.g., CEMCO's photographs of non-infringing products in order to suggest Defendants intend their customers to infringe). The Court should decide this Motion on the pleadings and dismiss the Amended Complaint for the reasons in Defendants' Motion, and the reasons that follow.

### A.    CEMCO's Photographs.

Several of CEMCO's arguments in opposition to this Motion to Dismiss rely on what purport to be a set of gotcha photographs depicting, according to CEMCO, Defendant KPSI at a trade show selling or offering to sell FRG for use at the head of a wall. (*See, e.g.*, Dkt. No. 30 at 10:10-13, 13:12-15). Not so. In fact, CEMCO's photographs contain products that have never been accused of infringement and that are not at issue in this lawsuit:



DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

1

The Hon. James L. Robart

1  (Dkt. 32-1 at 4.) The product on the left is Smoke-and-Sound (which has never been accused of
2  infringement, and which never will be, because it contains no "intumescent" material). The
3  attached declaration of James A. Klein says so in paragraph three, but so does the product itself –
4  any viewer of the photograph (and for that matter any customer, court, or member of the public)
5  can clearly see from CEMCO's own picture that the product is "Smoke and Sound," not FRG:

(Dkt. No 32-1 at 3.) The other three displayed products are KPSI's "wall clips," which are designed to plug holes around pipes or other penetrations, and which are not accused in this lawsuit. (Sept. 8, 2023, Klein Decl. ¶3.) They are the products depicted in KPSI's pending patent application number 65/513,836:



(*Id*. Exh. A.) They have <u>never</u> been accused of infringement. Not in this Amended Complaint, and not in any in any other complaint, because everyone agrees: these items do not infringe.

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

2

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

1  CEMCO's photographs are not evidence of anything pertinent here. Whether misinformed
2  or malevolent, the effort to castigate the Defendants based upon these images only underscores
3  the points Defendants attempted to convey in their Motion: they have every right to sell non-
4  infringing products, including products they have patented themselves. They are not prohibited to
5  sell firestopping products generally, or to sell any of the many other non-infringing products they
6  have made and sold in the past – and that includes the products depicted in CEMCO's
7  photographs.[1]

8  On this Motion to Dismiss, what CEMCO must identify are facts that plausibly indicate
9  each element of its claims. Pictures of unrelated, non-infringing products do not do so. Neither,
10 for the reasons set forth in the Motion to Dismiss, do CEMCO's other allegations.

11 **B.    CEMCO Lacks Article III Standing.**

12 The Defendants' Motion to Dismiss argues that CEMCO has not established Article III
13 standing, for at least two reasons. First, the "injury in fact" CEMCO asserts is not injury to
14 CEMCO – it is injury to Clark. (Dkt. No. 27 at 4.) That is because the harm alleged is loss to
15 Clark from supposed damage to Clark's sales, upon which CEMCO claims it receives a royalty.
16 Clark, however, is the party best positioned to assert claims to protect its own revenue stream.

17 CEMCO argues that it has standing to pursue its claims in Clark's absence because its
18 Amended Complaint alleges it owns the patents, and because 35 U.S.C. § 281 authorizes
19 "patentees" to bring suit for infringement. Having alleged it is a patentee, CEMCO argues, § 281
20 therefore proves it has standing to sue. (*See* Dkt. No. 30 at 6.)

21 This argument confuses standing with cause of action and is not the proper analysis.[2] The
22 proper analysis is much more rigorous than accepting at face value the way the parties

---

[1] The photographs also suffer another obvious defect: the declarant cannot attest to them. He admits that he obtained them from an unnamed person, was never present, and did not take them himself.

[2] Likewise with CEMCO's argument about 35 U.S.C. § 154, which provides patentees with "the right to exclude." Defendants do not dispute that patentees have the right to exclude. The question here, however, is whether CEMCO sold that right to Clark.

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

3

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

characterize themselves. *State Contracting & Engineering Corp. v. Condotte America, Inc.*, 346 F.3d 1057, 1062 (Fed. Cir. 2003) ("A party that has been granted all substantial rights under the patent is considered the owner regardless of how the parties characterize the transaction that conveyed those rights."). Here, the Amended Complaint indicates the party that has been granted all substantial rights under the patents is Clark – not CEMCO. (Dkt. No. 16 at ¶12.) It doesn't matter than CEMCO now claims it maintains an alleged title as "owner," because the title appears to be nominal only. *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1340 (Fed. Cir. 2006) ("Whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions.")

To avoid this fundamental issue, CEMCO's opposition hair-splits over a "right to exclude" versus a "right to practice." (Dkt. No. 30 at 6-7.) This argument does not save the Amended Complaint from its structural flaw: the Amended Complaint alleges that Clark is the "exclusive" licensee (Dkt. No. 16 at ¶12) and that it is Clark, not CEMCO, that practices the patents (*id.* ¶13). CEMCO cannot save its claims by simply asserting that it is an "owner" – the Court must look to what CEMCO actually owns – i.e., it must look to the legal effect of Clark's license's provisions. *Aspex*, 434 F.3d at 1340. The Amended Complaint contains no factual assertion that CEMCO has retained or possesses any substantial patent right, apart from the label "owner." Even CEMCO's Opposition tends to confirm this conclusion in that, instead of pointing to a demonstrable right, it relies on the title "owner" without describing what is actually owned. And, more tellingly, CEMCO declined to attach the license agreement to its Opposition papers so that the Court could simply see for itself. Presumably that is because CEMCO has – just it alleged in the Amended Complaint – granted an exclusive license to Clark such that Clark's presence is required for Article III standing.

CEMCO's Opposition also attempts to skirt the issue by arguing that injury to CEMCO's purported right to exclude pursuant to the patents is sufficient constitutional injury for Article III

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

4

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

1  purposes. (Dkt. No. 30 at 7.) This is question-begging, because it assumes the truth of the
2  proposition at issue. The Motion to Dismiss asserts that the Amended Complaint indicates that
3  CEMCO does not hold the right to exclude under the patents – it cannot, because Clark is the
4  "exclusive" licensee. If Clark is the "exclusive" holder of the patents' rights, then <u>Clark</u> holds the
5  rights at issue. And, if Clark holds the rights, then Clark must be present to assert them. To
6  simply say, as CEMCO's Opposition does, that it may sue because it has the right to exclude does
7  not answer the argument posed by the Motion to Dismiss, which is that Clark, not CEMCO, is
8  <u>who</u> holds the right to exclude.

9        This defect in the Amended Complaint is apparent on its face. If the license agreement
10 provided otherwise CEMCO could have submitted it with its pleadings. It did not do so. This
11 record presents the Court with a straightforward question: does CEMCO have standing to assert
12 rights when CEMCO alleges it has given them "exclusively" to someone else? The answer is
13 "no."

14 **C.     CEMCO Lacks Statutory Standing.**

15       CEMCO's Opposition does little to confront the Defendants' statutory standing argument
16 on the merits. All private causes of action under federal statutes are subject to the "zone of
17 interests" test, which requires that a cause of action may be asserted only by a party whose
18 "interests 'fall within the zone of interests protected by the law invoked.'" *Lexmark Int'l, Inc. v.*
19 *Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (quoting *Allen v. Wright*, 486 U.S.
20 737, 751 (1984)). Section 271 of the Patent Act protects the right to exclude others from
21 practicing the claimed ideas in a patented invention – that is its zone of interest. *Cf. Pregis Corp.*
22 *v. Kappos*, 700 F.3d 1348, 1357 (Fed. Cir. 2012) (analyzing patent act's zone of interest with
23 respect to patent validity challenges).

24       The Defendants argued, consistent with their Article III argument, that because Clark is
25 the "exclusive" licensee, Clark is who holds the "exclusive" right to exclude others from
26 practicing the claimed ideas in the patents here. (Dkt. No. 27 at 6-7).
27

28
DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

5

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

CEMCO's only response is to repeat that it is the "owner" of the patents, and imply the Court need conduct no further analysis. (*See* Dkt. No. 30 at 8.) But self-applied labels do not count when parties have assigned or transferred patent rights among themselves. Courts must look to the <u>substance</u> of what was conveyed. Here, the Amended Complaint indicates that CEMCO does not hold the right to exclude under the patents – it cannot, because it alleges that Clark is the "exclusive" licensee. If Clark is the "exclusive" holder of the patents' rights, then Clark may fall within the zone of interests of § 271, but CEMCO does not.

**D.   Clark is an Indispensable Party Under Rule 19.**

The Defendants' Motion to Dismiss argues that Clark is a necessary party and must be joined under Rule 19 of the Federal Rules of Civil Procedure, pursuant to both the text of the Rule and to the policy of the Rule as described in *Abbott*. (Dkt. No. 27 at 8-9.)

CEMCO begins its opposition to this argument by making an unsupported factual assertion that the Court should not accept. It asserts that Clark "is not an indispensable party because it does not have an independent right to enforce the patents" and – surprisingly – "CEMCO retains <u>all</u> substantial rights in the patents." (Dkt. No. 30 at 8 (emphasis added).) But, how? Why? CEMCO has provided no citation for these propositions and has attached nothing to its papers that would suggest they are true.

In fact, they cannot be true. It cannot be true that Clark is the "exclusive licensee" to the patents while CEMCO still holds "all substantial rights." From the face of the Amended Complaint – which is what matters most in a motion to dismiss – it appears that CEMCO holds no substantial rights in the patents, apart from perhaps a nominal title of "owner," which means nothing if the substance of the rights CEMCO owned were in fact conveyed "exclusively" to Clark. If Clark holds the rights to the patents, and does so exclusively as the Amended Complaint alleges, then by definition CEMCO did not "retain[] all substantial rights in the patents." That is precisely why Rule 19 requires joinder before those rights can be litigated.

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

6

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

1   CEMCO next attempts to distinguish this case from prior Federal Circuit guidance. The
2   parties substantially agree on the law, but CEMCO follows it to a mistaken conclusion. The
3   Defendants agree that, as CEMCO points out, *Prima Tek* explains that when a licensee (like
4   Clark) wishes to sue, the patent owner must typically be joined. The Defendants also agree
5   generally that, as *Boler* pointed out, "it does not follow" as a matter of course from the *Prima Tek*
6   rule that "when there is a patent infringement lawsuit between a patent owner and a competitor,
7   an exclusive licensee is a necessary party to the litigation." CEMCO implies that this means, as a
8   matter of law, licensees need not ever be joined and that is where the parties part ways. (*See* Dkt.
9   No. 30 at 8.) The Defendants agree that it does not <u>necessarily</u> follow but, rather, it depends upon
10  the facts and circumstances of the rights conveyed from the owner to the licensee. Here, where
11  the licensee is "exclusive" and where the damages alleged are harm to the licensee from
12  competition, the licensee is a necessary party pursuant to Rule 19.

13  CEMCO next makes an apparent argument from precedent: it argues that, when another
14  company not party to this case sued CEMCO for a declaratory judgment in a California court, it
15  did not join Clark and the case still proceeded to judgment. (Dkt. No. 30 at 9.) This tells the Court
16  exactly nothing about whether Rule 19 applies to these parties, in this Court. There is no
17  indication that standing, zone of intersects, or Rule 19 were litigated in the California case. Un-
18  litigated issues, in other courts, between parties not present, provide precisely zero guidance here.
19  What matters here are the substance of the allegations the Amended Complaint contains, and
20  whether they trigger a requirement for joinder under Rule 19. As set forth in the Motion to
21  Dismiss, they plainly do.

22  Finally, CEMCO offers the suggestion that if the Defendants are concerned that
23  proceeding without Clark could subject the Defendants to a risk of double or otherwise
24  inconsistent obligations, the Defendants can always cross-complaint for declaratory judgment
25  against Clark. That's not the point. The point is that Rule 19 means CEMCO cannot proceed here
26  without joining Clark – the Defendants do not want to cure the defect in CEMCO's allegations

27
28  DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

7

The Hon. James L. Robart

1  against them and, more to the point, Rule 19 says they do not have to. CEMCO must join Clark or
2  else its claims must be dismissed.

3  **E.   CEMCO's Opposition Fails to Defend its Direct Infringement Allegations.**

4  The Amended Complaint does not plausibly allege direct infringement by the Defendants
5  and it cannot be amended to do so. As CEMCO concedes, each patent here claims "head-of-wall
6  products that comprise an intumescent strip . . . affixed on a sidewall of a header." (Amd. Compl.
7  ¶11.) Nothing in the Amended Complaint alleges that any Defendant makes, uses, offers for sale,
8  or sells <u>any</u> form of a header. CEMCO knows this. The Defendants' opposition papers also
9  include sworn testimony to the same effect. (*See* Dkt. No. 27-1 at ¶¶6-7.)

10  The direct infringement claims must be dismissed because they do not satisfy pleading
11  standards – they do not plausibly allege an infringing act. CEMCO's Opposition requests leave to
12  amend and, from the Defendants' perspective – assuming CEMCO can cure its standing and
13  joinder problems first – it is welcome to try. But it must do so with allegations that plausibly
14  suggest the Defendants make, use, sell, or offer for sale some form of a header track. That is what
15  direct infringement of these patents requires. Those allegations must be based upon facts, not
16  conjecture, and it should be obvious to tall that this will be impossible to do.

17  **F.   CEMCO Has Not Pleaded Induced Infringement.**

18  CEMCO's Opposition does not save its induced infringement claims. As set forth in the
19  Motion to Dismiss, the allegations in the Amended Complaint – particularly with respect to intent
20  to induce and direct infringement, both of which are essential elements – are conclusory. (Dkt.
21  No. 27 at 12-13.) Although they assert that direct infringement occurred, or that the Defendants
22  intended it to occur, they do not identify <u>facts</u> that tend to support those assertions.

23  Indeed, the facts point in precisely the opposite direction. CEMCO's Opposition
24  recognizes that the Defendants provide express and written instructions to their customers to not
25  infringe: they direct customers to review CEMCO's patents before using the Defendants'
26  products. This, as the Motion to Dismiss pointed out, is an absolute defense to induced

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

8

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

infringement: a party cannot be accused of instructing customers to infringe if it gives instructions to do the opposite. (*See* Dkt. No. 27 (citing *QXMedical, LLC v. Vascular Solutions, LLC*, 2019 WL 4862053, *11 (D. Minn. 2019) (granting summary judgment of no inducing infringement because the accused infringer had expressly instructed its customers to not use the accused product in an infringing way)).)

CEMCO's Opposition concedes that Defendants instruct customers to not infringe. Instead, it attempts to get around the issue by arguing the instruction is unclear or confusing and "could be" interpreted as "an affirmative instruction to only use FRG head of wall." (Dkt. No. 30 at 11.) First, the language is hardly confusing: the very first words are "FRG not for use at head of wall." Second, the pertinent issue on this Motion is whether the Amended Complaint plausibly alleges that the Defendants had a specific intent to cause customers to infringe. That is the test. Even if the language were "confusing" (it is not), the fact that Defendants <u>instruct their customers to not infringe</u> is absolutely dispositive of whether the Defendants intend to cause their customers to infringe. These facts, which are not in dispute – CEMCO's Opposition concedes the presence of the instructions – are fatal to the induced infringement claims. They must be dismissed.

CEMCO also argues that "current UL listing still explicitly direct the installer to apply the strips to both sides of the ceiling runner." (Dkt. No. 30 at 12.) To the extent this allegation is relevant, it would be as evidence of Defendants' intent: the implication would be that the Defendants intend their customer to read non-party UL's literature and conclude that FRG should be installed in an infringing manner. The Court is well aware that the Defendants are not in direct control over what UL puts on its website, and that the Defendants have been trying for many months to have these listings removed. A brief survey of their correspondence essentially begging UL – for months – to do so is attached hereto as Exhibit B to the Klein Declaration. It simply is not plausible to infer that a defendant who warns customers to not infringe, and who begs non-parties to stop publishing literature that (arguably) implies products can be used in an infringing manner, is a defendant who intends to cause infringement.

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

9

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

### G. CEMCO Has Not Pleaded Individual Claims.

CEMCO's Opposition clarifies what it is attempting to allege in Count 5 – apparently, individual patent infringement claims against individuals in Klein family in the first instance, rather than a veil-piercing theory that would attribute the actions of the KPSI corporation to its shareholders. The clarity CEMCO has provided shows why these claims must be dismissed.

CEMCO appears to not dispute that Serina Klein is the sole shareholder at KPSI but it alleges that she "directed and authorized KPSI's infringement. (*See* Dkt. No. 30 at 12.) Nothing in this allegation supports the suggestion that she did so as an individual rather than a corporate director. To succeed in stating an individual claim, CEMCO must point to facts that (plausibly, not speculatively) suggest that in her individual capacity she caused KPSI to do certain things. The Amended Complaint does not do so: it merely alleges that she owned KPSI and caused KPSI to do things that (CEMCO thinks) infringe patents. Nothing about that distinguishes the individual from the company. The same is true with respect to employees James Klein and Kevin Klein: taking the allegations in the Amended Complaint as true, they still do not indicate how or why the two did anything as individuals rather than as agents of KPSI.

### H. The Fraudulent Transfer Claim Fails.

CEMCO's defense of its fraudulent transfer claim cannot save the claim from dismissal. CEMCO's Amended Complaint alleges, and Defendants do not dispute, that Seal4Safti, Inc., transferred certain assets to KPSI. By itself, nothing about that is a cause of action or gives rise to liability. Rather, it is CEMCO's further allegation that "the transfer was fraudulent because S4S did not receive reasonably equivalent value for the assets" that is at issue: CEMCO claims what KPSI paid was not reasonably equivalent value, and KPSI claims the opposite.

First, contrary to CEMCO's opposition, courts resolve what constitutes reasonably equivalent value at the motion to dismiss stage all the time. *E.g.*, *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1066 (N.D. Cal. 2014); *Pearlman v. Alexis*, No. 09-20865-CIV, 2009 WL 3161830, at *6 (S.D. Fla. Sept. 25, 2009); *Jones v. Gardner*, No. CV 12-998, 2013 WL

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

10

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

12284633, at *3 (W.D. Pa. June 28, 2013). A court is fully capable of determining – at a general level, which is all that is required of it – whether an exchange of property is disproportionally small. *In re Churchill Mort. Inv. Corp.*, 256 B.R. 664, 678 (Bankr. S.D.N.Y. 2000). CEMCO simply cannot plausibly claim that $83,495.99 – the wholesale price for the goods in question – is disproportionately small to those goods' objective value.

Tellingly, CEMCO's opposition never addresses the dollar amount exchanged – it appears to concede that $83,495.99 could be reasonable value, but instead questions whether the transfer actually took place. (*See* Dkt. No. 30 at 14 (claiming the assets have not physically moved, and questioning whether the money was paid).)

CEMCO cannot have it all ways at once. If it wishes to argue that the assets never moved and the money was never paid, then it must concede that no "transfer" took place. That defeats its fraudulent transfer claim. If it wishes to claim that the money was paid but the assets were never transferred, that would indicate that Seal4Safti was improperly enriched – again, defeating its fraudulent transfer claim against KPSI. If CEMCO wishes to claim that the assets were transferred but never paid for, then that claim is not ripe: the face of the purchase order shows that payment is due at the end of the year. (Dkt. No. 32-1 at 4 ("Invoice to be paid for by 12/31/23").)

These arguments grasp at straws to avoid the obvious fact here: $83,495.99 is reasonably equivalent value for goods whose wholesale price is $83,495.99. That KPSI took delivery of them at Seal4Safti's location does not imply that the value it gave to Seal4Safti is not reasonably equivalent to what they were worth. CEMCO simply cannot allege that the transfer of goods from Seal4Safti to KPSI was one-sided and fraudulent because the facts of the transfer prove it wasn't. This claim must be dismissed with prejudice.

## II.   CONCLUSION

Each of the Amended Complaint's direct patent claims (contained in counts one through four) should be dismissed with prejudice. Its induced patent infringement claims (contained in counts one through five) should be dismissed with leave to amend only if Clark is joined as a

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

party. Its vicarious liability or personal lability claims (contained in count five) should be dismissed with prejudice. Its fraudulent transfer claims (contained in counts six and seven) should be dismissed with[3] prejudice.

Dated: September 8, 2023                                By: */s/ Patrick C. Bageant*

Patrick C. Bageant (No. 44268)
HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343
Facsimile: (208) 686-8247
Email: pbageant@hollystonelaw.com

Thomas E. Loop (No. 27546)
LOOP INTELLECTUAL PROPERTY LAW
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: 206-568-3100
Email: thomas@seattlepatentlaw.com

*Attorneys for Defendants*

---

[3] Defendants' Motion requested dismissal with prejudice in the argument but, inadvertently, stated "without" prejudice in the conclusion. To be clear, Defendants seek dismissal of the fraudulent transfer claim with prejudice.

DEFENDANTS' REPLY RE MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

12

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

## CERTIFICATE OF SERVICE

    I hereby certify that on September 8, 2023, I caused the foregoing document to be filed with the Court's CM/ECF system, which will cause it to be served upon all counsel of record.

By: */s/ Patrick C. Bageant*

---

CERTIFICATES

2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

i