The Hon. James L. Robart

Patrick C. Bageant (No. 44268)
HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343
Facsimile: (208) 686-8247
Email: pbageant@hollystonelaw.com

Thomas E. Loop (No. 27546)
LOOP INTELLECTUAL PROPERTY LAW
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: 206-568-3100
Email: thomas@seattlepatentlaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEMCO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KPSI Innovation, Inc., a Delaware corporation, SERINA KLEIN, an individual, KEVIN KLEIN, an individual, and JAMES A. KLEIN, an individual,<br><br>Defendants. | Case No. 2:23-cv-00918-JLR<br><br>DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION TO DISMISS<br><br>Note on Motion Calendar: Friday, December 29, 2023<br><br>Oral Argument Requested |

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. PRIOR LITIGATION ....................................................................................................... 1

III. ARGUMENT .................................................................................................................... 3

    A. CEMCO Has Not Shown this Suit Should Proceed Absent ClarkDietrich. ........................................................................................................ 3

        1. To Proceed Without ClarkDietrich Would be Highly Prejudicial to ClarkDietrich and to Defendants Under Rule 19(b)(1). .................................................................................... 4

        2. CEMCO Makes No Serious Argument About Lessening Prejudice to ClarkDietrich by Shaping Relief Pursuant to Rule 19(b)(2). .................................................................................... 6

        3. Judgment in ClarkDietrich's Absence Would Be Inadequate Under Rule 19(b)(3). .................................................................................... 7

        4. To Dismiss the Claims Would Not Impair CEMCO's Rights Under Rule 19(b)(4). .................................................................................... 8

    B. ClarkDietrich May Not Be Joined Involuntarily. ...................................................... 8

    C. The Patent Claims Should Be Dismissed with Prejudice to the Extent CEMCO Attempts for a Third Time to Bring them Alone. ..................................... 9

    D. The Insufficiency of CEMCO's Patent Allegations. ................................................. 9

    E. The Fraudulent Transfer Claims Should Be Dismissed. ......................................... 11

IV. CONCLUSION ............................................................................................................... 12

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

i

The Hon. James L. Robart

AUTHORITIES

Cases

*American Greyhound Racing, Inc. v. Hull*,
    305 F.3d 1015 (9th Cir. 2002) .................................................................................... 6

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*,
    434 F.3d 1336 (Fed. Cir. 2006) .................................................................................. 6

*Astornet Techs. Inc. v. BAE Sys., Inc.*,
    802 F.3d 1271 (Fed. Cir. 2015) ................................................................................ 10

*California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems LLC v. James A. Klein, and Blazeframe Industries, Ltd.*,
    No. CV16-5968 (C.D. Cal., August 10, 2016) ........................................................... 1

*California Expanded Metal Products Company v. Clarkwestern Dietrich Building Systems LLC, James A. Klein, and Blazeframe Industries, Ltd.*,
    No. CV12-10791 (C.D. Cal., July 1, 2015) ............................................................... 1

*Carroll v. Nakatani*,
    342 F.3d 934 (9th Cir. 2003) ...................................................................................... 4

*CEMCO et al. v. Klein et al.*,
    No. 2:18-cv-00659 (W.D. Wash., January 10, 2018) ............................................... 1

*Essex Engineering Co. v. Credit Vending, Inc.*,
    732 F. Supp. 311 (D. Conn. 1990) ............................................................................. 9

*Gator.com Corp. v. L.L. Bean, Inc.*,
    398 F.3d 1125 (9th Cir. 2005) .................................................................................... 5

*Home Buyers Warranty Corp. v. Hanna*,
    750 F.3d 427 (4th Cir. 2014) ...................................................................................... 4

*Int'l Gamco, Inc. v. Multimedia Games, Inc.*,
    504 F.3d 1273 (Fed. Cir. 2007) ............................................................................. 3, 9

*Paglin v. Saztec Intern., Inc.*,
    834 F. Supp. 1201 (W.D. Mo. 1993) ......................................................................... 7

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016) ................................................................................ 10

*Provident Tradesmens Bank & Trust Co. v. Patterson*,
    390 U.S. 102 (1968) .................................................................................................... 6

*QXMedical, LLC v. Vascular Solutions, LLC*,
    2019 WL 4862053 (D. Minn. 2019) ......................................................................... 11

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

ii

*Solenoid Devices, Inc. v. Ledex,*
    *Inc.*, 375 F.2d 444 (9th Cir. 1967) .................................................................................... 5

*Warner-Lambert Co. v. Apotex Corp.*,
    316 F.3d 1348 (Fed. Cir. 2003) ......................................................................................... 10

Statutes

RCW 19.40.041 ............................................................................................................................. 12

RCW 19.40.051 ............................................................................................................................. 12

Rules

Rule 19(b)(1) of the Federal Rules of Civil Procedure ................................................................... 4

Rule 19(b)(2) of the Federal Rules of Civil Procedure ................................................................... 6

Rule 19(b)(3) of the Federal Rules of Civil Procedure ................................................................... 7

Rule 19(b)(4) of the Federal Rules of Civil Procedure ................................................................... 8

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

*iii*

The Hon. James L. Robart

## I. INTRODUCTION

The Court dismissed Plaintiff CEMCO, LLC's ("CEMCO's") Amended Complaint because CEMCO failed to join ClarkWestern Dietrich Building Systems, LLC ("ClarkDietrich"), which is a necessary party. (Dkt. No. 47-1 at 15 (concluding "ClarkDietrich is a necessary party" and dismissing the Amended Complaint with leave to amend).)

CEMCO has filed a Second Amended Complaint that recites word for word its previously dismissed patent allegations, except a few short sentences to explain that it asked ClarkDietrich to join and ClarkDietrich declined. (Dkt. No. 52, ¶¶18-23.) CEMCO now asserts this action should therefore proceed in ClarkDietrich's absence because joinder is unfeasible.

The Court should not accept CEMCO's argument. It should dismiss CEMCO's Second Amended Complaint's patent infringement claims according to the analysis in its prior order of dismissal, because the patent claims here cannot be asserted unless and until CEMCO and ClarkDietrich assert them *together*. The Court should also dismiss the Second Amended Complaint's fraudulent transfer claims, because they are inadequately pleaded.

## II. PRIOR LITIGATION

As discussed in the Defendants' first Motion to Dismiss (Dkt. No. 27), this lawsuit is a continuation of serial litigation by CEMCO against James Klein and his related businesses. Prior suits caused settlements whereby Klein transferred patents to CEMCO or ClarkDietrich in return for money from CEMCO,[1] the parties cross-licensed patents,[2] or, most recently and in this Court, the parties agreed to a walkaway in return for an injunction and promises of future conduct.[3] Shortly after the injunction, Mr. Klein's efforts to continue non-infringing aspects of his business

---

[1] *California Expanded Metal Products Company v. Clarkwestern Dietrich Building Systems LLC, James A. Klein, and Blazeframe Industries, Ltd.*, No. CV12-10791 (C.D. Cal., July 1, 2015).

[2] *California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems LLC v. James A. Klein, and Blazeframe Industries, Ltd.*, No. CV16-5968 (C.D. Cal., August 10, 2016).

[3] *CEMCO et al. v. Klein et al.*, No. 2:18-cv-00659 (W.D. Wash., January 10, 2018) (transferred from C.D. Cal.)

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

1  caused disagreement about the scope of the injunction and a contempt proceeding. Ultimately,
2  Mr. Klein and his business colleagues lost, in that the Court determined they had not infringed
3  any of CEMCO's patents, but some of their conduct induced others to do so.[4]

4  Mr. Klein recognizes his liability for portions of the judgment in the contempt proceeding,
5  and that it must be paid. Defendant KPSI Innovations, Inc. ("KPSI"), was formed to buy assets
6  from his prior business colleagues, precisely so those assets could be put to profitable use.
7  Contrary to the energetic accusations in CEMCO's Opposition, KPSI and the Kleins have a *right*
8  *to do these things*, so long as they respect the law and orders of this Court. They are prohibited to
9  sell intumescent strips on metal tracks intended for use as a "header" in a wall assembly, or to
10 induce others to do so. They are *not* prohibited to sell firestopping products generally, or the
11 many other non-infringing products in their catalogue. Nor are they prohibited to sell intumescent
12 strip products generally, so long as they do not offend others' patents or court orders.

13 To respect those boundaries, they take express precautions. They do not sell intumescent
14 strip products affixed to headers or tracks, because that is what CEMCO's patents claim. They do
15 so not for business reasons, but to avoid allegations of direct patent infringement. When they sell
16 stand-alone intumescent strips – which the Court has held have plenty of non-infringing uses –
17 they take pains to *instruct customers to not use them at the head of a wall without consulting*
18 *CEMCO's patents* and then making their own decisions. Again, they do to inoculate themselves
19 against allegations of inducing customers to use KPSI's products in an infringing manner.

20 The instant Second Amended Complaint asserts the same patents and infringement
21 theories as in the prior litigations. A right to relief on those claims is not plausible on its face after
22 prior adjudications and changed course of conduct by the Defendants, notwithstanding the
23 enthusiasm with which CEMCO's Opposition papers attempt to tell a contrary story.

---

[4] *Id*. at Dkt. No. 301.

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

2

The Hon. James L. Robart

## III. ARGUMENT

CEMCO's argument in opposition is twofold. First, it argues it is not feasible to join ClarkDietrich because ClarkDietrich is not subject to personal jurisdiction in this district and it would be equitable to proceed without ClarkDietrich. Second, and in the alternative, CEMCO argues if personal jurisdiction does extend to ClarkDietrich, then to protect ClarkDietrich's rights ClarkDietrich should be joined involuntarily as a plaintiff. Neither argument is persuasive.

CEMCO's arguments – which seek to proceed without a necessary party – are defective for reasons flowing directly from CMECO's and ClarkDietrich's license agreement; i.e., reasons flowing from CEMCO's own decision to alienate its patent rights by transferring virtually all of them to ClarkDietrich "exclusively." (*See* Dkt. No. 40 at 4, § 3.) The fact is CEMCO is forbidden from commercializing the patented technology, selling patented products, or regulating use of the technology by anyone other than ClarkDietrich. (*Id*. § 3(A).) ClarkDietrich's authority over those rights is "exclusive." (*Id*. § 3.) CEMCO's only apparent corresponding obligation is to take reasonable steps to protect *ClarkDietrich*'s interest in the patents. (*Id*. § 3(b).) Apart from a royalty, the agreement contains nothing obligating ClarkDietrich to protect CEMCO's interests, because CEMCO has none – it effectively transferred of them. No doubt CEMCO benefitted from that decision because it now receives a cut ClarkDietrich's sales (*id*. § 2), but one inescapable consequence is ClarkDietrich possesses the patents' economic and private regulatory rights. To litigate those issues, ClarkDietrich and CEMCO must both come to court – neither can do it alone. The Court's prior ruling on this was correct and clear. (*See* Dkt. No. 47-1 at 15-17.) ClarkDietrich is necessary to this action and, given the nature of its interests, indispensable.

### A. CEMCO Has Not Shown this Suit Should Proceed Absent ClarkDietrich.

The Court has previously considered the license agreement between CEMCO and ClarkDietrich. (*See* Dkt. No. 40.) Because the agreement grants an exclusive right to make, use and sell the patented technology, it is closer to an assignment than an ordinary license. *See Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1279 (Fed. Cir. 2007) (discussing when

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

3

The Hon. James L. Robart

transfers are effectively assignments). ClarkDietrich accepted and now possesses the exclusive right to make, use, and sell the patented technology – even CEMCO is not permitted to do so. (Dkt. No. 40 at § 3(A).) In return, CEMCO is entitled to a contract royalty on ClarkDietrich's sales but it may make no sales of its own. (*Id*. §§2-3.) Because ClarkDietrich holds these rights exclusively, the *subject matter* of this litigation is something ClarkDietrich owns, not CMECO.

Against this backdrop, ClarkDietrich is indispensable and must be joined. CEMCO asserts, repeatedly, that it has a right to proceed without ClarkDietrich but this right – i.e., the patent right (which boils down to a legal authority to exclude others) – is precisely what CEMCO bartered away for royalty payments. To proceed against the Defendants without ClarkDietrich, that is, to cause two non-owners of substantive patent rights to litigate them in the true owner's absence, would be prejudicial to the owner and to the Defendants. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (Rule 19 is designed to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determinations). It also would create a manifest risk of parallel or duplicative litigation. *See Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 435-436 (4th Cir. 2014) (parallel proceedings can produce incomplete, inconsistent, and inefficient rulings). Joinder of ClarkDietrich is mandatory on the facts and circumstances of this case, and failure to join requires the patent claims to be dismissed.

1. <u>To Proceed Without ClarkDietrich Would be Highly Prejudicial to ClarkDietrich and to Defendants Under Rule 19(b)(1)</u>.

CEMCO leans heavily on its assertion that proceeding to judgment in ClarkDietrich's absence would not prejudice ClarkDietrich or the Defendants here. (*See* Opp. at 8-9.) This is wrong. With respect to ClarkDietrich, CEMCO devotes just two sentences to the argument, each of which are directed to hypothetical *benefits* rather than concrete *prejudices* ClarkDietrich faces.

CEMCO asserts any favorable outcome for CEMCO would necessarily be a favorable outcome for ClarkDietrich. (Opp. at 8 ("ClarkDietrich would reap the benefits").) But Rule 19 is not concerned with how litigation might *benefit* non-parties – the relevant factor is *prejudice*,

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

4

*harm*, or *disadvantage*. It must be emphasized: CEMCO no longer holds *any* right make, use, or sell the patented inventions. Those rights belong exclusively ClarkDietrich. CEMCO's request is thus to litigate the scope of ClarkDietrich's rights, their application in the marketplace, and the use of the patented technology among people and firms who are ClarkDietrich's customers – not CEMCO's. CEMCO may be dismissive of the legal and business harms ClarkDietrich could suffer, but this is precisely because ClarkDietrich, not CEMCO, would bear those costs. CEMCO's assertion that litigation *might* cause benefits redounding to ClarkDietrich thus ignores that the downsides and costs to litigation bear inequitably upon ClarkDietrich in particular. To proceed in this territory without ClarkDietrich is to prejudice ClarkDietrich.

CEMCO's analysis of prejudice is similarly anemic and off-point when it comes to the Defendants. CEMCO's first argument is the Defendants could add ClarkDietrich as a cross-defendant by asserting a counterclaim here. (Opp. at 8.) But what claim? The Defendants do not presently believe they hold a cause of action against ClarkDietrich. Nor is there a basis to seek declaratory judgment, because ClarkDietrich's refusal to join this action proves the parties are not on the precipice of a dispute, and do not have a case or controversy between them. *See Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (requisite case or controversy requires a willing plaintiff); *Solenoid Devices, Inc. v. Ledex, Inc.*, 375 F.2d 444, 445 (9th Cir. 1967) (no case or controversy exists if "the dispute has gone no further than the 'jawbone' stage"). Even if ClarkDietrich and Defendants did have a controversy, forcing them to assert it, i.e., forcing ClarkDietrich and Defendants to sue each other against their will, for the sole purpose of curing defects in *CEMCO*'s claims against one of them, is *more* prejudicial to the Defendants, not less. To coerce two parties without a dispute to litigate against each other, so CMECO can pursue claims involving patent rights it sold off to someone else "exclusively," is antithetical to the policy of Rule 19 in virtually every respect. It would multiply this litigation. It would force two parties with no dispute to litigate claims they do not believe in (one as a plaintiff!). This is not judicial economy.

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

5

The Hon. James L. Robart

CEMCO's effort to address the issue of duplicative litigation is a short argument that attempts to have its cake and eat it to. It claims the Defendants will "not face the risk of being sued separately by ClarkDietrich for infringement in the future," because ClarkDietrich cannot sue on its own. (Opp. at 9.) This assertion, however, is utterly inconsistent with CEMCO's request to proceed without ClarkDietrich. If ClarkDietrich cannot sue on its own, it is because neither CEMCO nor ClarkDietrich can sue on its own. (*See* Dkt. No. 47-1 at 16 (citing *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006).) Inversely, if CEMCO may sue on its own here as it requests, then ClarkDietrich may sue on its own later.[5] This exposes Defendants to precisely the parallel or serial litigation Rule 19 is applied to prevent.

Even worse, CEMCO also asserts that in any future suit, "CEMCO and ClarkDietrich would be estopped from taking any position inconsistent with the theories advanced in this case." (Opp. at 9.) This is an admission that litigation by CEMCO *will* impair ClarkDietrich's freedom and rights in future proceedings. To allow CEMCO to proceed without ClarkDietrich while tying ClarkDietrich's hands behind its back with respect to future arguments about the patent rights ClarkDietrich holds "exclusively" would be *highly* prejudicial to ClarkDietrich. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 123 (1968) (suggesting a violation of due process when judgment in a present action could impair the rights of persons not party to it).

   2. <u>CEMCO Makes No Serious Argument About Lessening Prejudice to ClarkDietrich by Shaping Relief Pursuant to Rule 19(b)(2).</u>

CEMCO is correct that in special cases, prejudice to a non-participating party can be relieved by fashioning or shaping the judgment or relief ordered. *See American Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1025 (9th Cir. 2002). But this case is not one of them, and

---

[5] When CEMCO asks the Court to rule that (1) ClarkDietrich cannot sue on its own, yet (2) CEMCO should be allowed to sue on its own, it is really asking the Court to claw back a degree of the independence it sold away in return for royalties under the license agreement. This would operate to ClarkDietrich's detriment under the agreement because CEMCO would be clawing back something ClarkDietrich has paid it for.

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

6

The Hon. James L. Robart

even CEMCO may recognize as much because it makes only passing argument along these lines. (*See* Opp. at 9.) CEMCO speculates that as part of a judgment, perhaps it could be ordered to pay money to ClarkDietrich (*id.*), but this does not address the prejudice here. First, it addresses only the scenario where CEMCO obtains a victory – yet the greatest harm to ClarkDietrich would come from CEMCO losing, narrowing, or weakening the scope of the patent rights ClarkDietrich holds. A risk of winning is not the primary source of prejudice to ClarkDietrich. Second, even if CEMCO were to win, paying a judgment royalty to ClarkDietrich would not cure the estoppel prejudice discussed above.[6] CEMCO's hypothetical judgment royalty also would not address the business harm ClarkDietrich faces from litigating the activities of its own customers. CEMCO's sole and inadequate suggestion along these lines shows how impossible it would be to confidently cure prejudice to ClarkDietrich by "shaping" the judgment after the fact.

       3.      <u>Judgment in ClarkDietrich's Absence Would Be Inadequate Under Rule 19(b)(3)</u>.

The Court should not accept CEMCO's argument that it will fully and adequately represent the interests of ClarkDietrich here. CEMCO asserts vaguely that it has litigated these patents alongside ClarkDietrich in the past, and it has a "wealth" of evidence about ClarkDietrich from prior cases it could deploy here to protect ClarkDietrich's interests. (*See* Opp. at 10.)

CEMCO is far from ClarkDietrich's fiduciary, however – in fact it is precisely the opposite. The two are fierce *competitors* in the firestopping market, and in frequent conflict. The only reason CEMCO assigned its substantive patent rights to ClarkDietrich was to settle two active lawsuits between them.[7] Their interests are not aligned such that either one may stand in

---

[6] Nor would relieving ClarkDietrich of the rules of estoppel solve the problem. This would heighten prejudice to the Defendants by presenting serial litigation on the same facts, circumstances, and transactions, but without the defenses of estoppel or preclusion. Worse, the Defendants would be subject to offensive use of collateral estoppel by ClarkDietrich to prevent them from raising issues they lost in this action. *See Paglin v. Saztec Intern., Inc.*, 834 F. Supp. 1201, 1204 (W.D. Mo. 1993) (analyzing this form of prejudice and granting motion to dismiss).

[7] The agreement settled a California suit CMECO filed against ClarkDietrich, and an Ohio defamation suit ClarkDietrich filed against CEMCO. (Dkt. No. 40 at 3 ("whereas" recitals).)

| DEFENDANTS' REPLY RE SECOND MOTION TO DISMISS | **HOLLYSTONE LAW** 1775 West State Street, #286 Boise, ID 83702 Telephone: 208-596-5343 |
|---|---|
| Case No. 2:23-cv-00918-JLR | |

7

for the other, particularly when it comes to protecting sensitive business interests and rights. The notion that CEMCO will take extra care or go out of its way to protect special interests of its market competitor or "represent ClarkDietrich's interests" is not even remotely plausible.

On this point, ClarkDietrich's actions speak louder than CEMCO's words: if ClarkDietrich felt it was in its interest to participate in this lawsuit it would do so, just as it has done in the past. It is precisely because it is not in ClarkDietrich's interests that ClarkDietrich has elected to stay home. The Court should not conclude CEMCO, its business competitor, will take care of things for its adversary ClarkDietrich.

4. <u>To Dismiss the Claims Would Not Impair CEMCO's Rights Under Rule 19(b)(4)</u>.

CEMCO's final argument for proceeding without ClarkDietrich is that to dismiss its Second Amended Complaint for non-joinder would leave CEMCO without a remedy to protect its rights. (*See* Opp. at 10.) This misses the point of what creates the joinder problem in the first place. When CEMCO entered its agreement with ClarkDietrich *part of what CEMCO gave up was its right to sue alone*. It transferred core patent rights exclusively to ClarkDietrich, and promised it would not sell the patented products itself, in return for a royalty on ClarkDietrich's sales. (Dkt. No. 40, §§ 2-3.) Although CEMCO argues dismissal for non-joinder would deprive CEMCO of a supposed "remedy" to sue alone, such right no longer exists; CEMCO is attempting to assert an interest it no longer possesses exclusively. The reasons ClarkDietrich must be joined are also reasons why dismissing the patent claims for non-joinder does deny CEMCO any remedy; it alienated the right to seek one unilaterally in return for royalties from ClarkDietrich.

**B.   ClarkDietrich May Not Be Joined Involuntarily.**

The second half of CEMCO's Opposition performs an about-face and argues in the alternative that if this Court does have personal jurisdiction over ClarkDietrich, then it should compel ClarkDietrich to join involuntarily. However, CEMCO's own brief destroys this argument: CEMCO admits it has "no facts" in hand to support that ClarkDietrich is subject to

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

8

The Hon. James L. Robart

personal jurisdiction in this district. (Opp. at 7.) Nor does its Second Amended Complaint attempt to assert any. Without facts in the Second Amended Complaint sufficient to find personal jurisdiction, which CEMCO's own Opposition brief argues CEMCO cannot demonstrate, ClarkDietrich simply cannot be compelled to appear and join.[8]

## C. The Patent Claims Should Be Dismissed with Prejudice to the Extent CEMCO Attempts for a Third Time to Bring them Alone.

CEMCO next takes issue with the Defendants' request that the patent claims – appearing now in a Second Amended Complaint – be dismissed with prejudice to the extent ClarkDietrich is not joined. (Opp. at 11.) The legal effect of CEMCO's licensing agreement is quite clear: to proceed in litigation on the patents at issue here it must do so hand-in-hand with its exclusive licensee (who is substantively closer to an assignee, *Int'l Gamco, Inc.*, 504 F.3d at 1279), and neither can do so without the other. To dismiss with prejudice CEMCO's now serial attempts to go it alone would be logical and unremarkable. Such an order would not preclude CEMCO and ClarkDietrich from a proper joint effort in the future – but it would provide finality to the inadequately asserted claims, insufficient joinder of parties, and serial motions to dismiss here.

## D. The Insufficiency of CEMCO's Patent Allegations.

Even if ClarkDietrich were a party, the patent claims should be dismissed because they are pleaded with insufficient particularity. The Defendants agree the Court need not reach the issue – but only because the Defendants believe the patent claims must be dismissed unless ClarkDietrich is joined. If the Court rules otherwise, their insufficiency must be addressed.

---

[8] The Defendants' Second Motion to Dismiss asserted that personal jurisdiction over ClarkDietrich presents no problem if ClarkDietrich joins voluntarily. (Dkt. No. 54 at 4.) This is true. Compulsory joinder, which CEMCO raises for the first time in its Opposition, would require a showing CEMCO says it cannot make. *See Essex Engineering Co. v. Credit Vending, Inc.*, 732 F. Supp. 311 (D. Conn. 1990) (party was entitled to join nonresident after making prima facie showing that the federal court had personal jurisdiction over the nonresident).

| DEFENDANTS' REPLY RE SECOND MOTION TO DISMISS | **HOLLYSTONE LAW** 1775 West State Street, #286 Boise, ID 83702 Telephone: 208-596-5343 |
|---|---|
| Case No. 2:23-cv-00918-JLR | |

On the merits, CEMCO's Opposition does not attempt to register a defense of its pleading sufficiency apart from pointing to deposition transcripts it attached to its brief. Those attachments are not in its Second Amended Complaint, and the face of the complaint is what counts.

First, CEMCO makes *no* defense of its failure to plead essential elements of direct patent infringement. As CEMCO's Second Amended Complaint concedes, each of the patents asserted here claim "head-of-wall products that comprise an intumescent strip . . . affixed on a sidewall of a header, wherein the intumescent strip expands in a fire." (Dkt. No. 52 at ¶11 (emphasis added).) To state a claim for direct infringement, CEMCO must allege the Defendants have made, used, offered to sell, or sold in the United States, head-of-wall products comprising an intumescent strip affixed on a sidewall of a header. Nothing in the Second Amended Complaint alleges KPSI or any other Defendant makes, uses, offers for sale, or sells *any* form of header. This is because CEMCO knows the Defendants do not make or sell any metal track products with intumescent strips affixed. The Court should dismiss the direct infringement claims with prejudice.

The same is true of CEMCO's induced patent infringement claims. CEMCO makes no defense of their adequacy. To state a claim for induced patent infringement, a plaintiff must plausibly allege at least one third party engaged in direct infringement and the defendant "took an affirmative act to encourage [direct] infringement with the knowledge that the induced acts constitute patent infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016) (quoting *Astornet Techs. Inc. v. BAE Sys., Inc.*, 802 F.3d 1271, 1279 (Fed. Cir. 2015). It is not sufficient to merely allege some third party, somewhere, engaged in direct infringement somehow, and the Defendant knew about it – mere "knowledge of the acts alleged to constitute infringement" is not enough. *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363-64 (Fed. Cir. 2003). Rather, to state a claim, a plaintiff must plausibly allege at least some fact supporting a conclusion that the defendant took "an affirmative act" knowing it would cause the customer to infringe. *Id.*; *Power Integrations, Inc.*, 843 F.3d at 1332.

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

10

HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

CEMCO's allegations do not meet this standard. Each of the patent infringement counts do include the words "inducing infringement" in boilerplate recitations of the elements of the cause of action. But they do not allege a communication, act, or event to suggest it is plausibly true. The closest the Second Amended Complaint comes are passing comments, like that KPSI is allegedly "instructing its customers in the United States to use its products in an infringing manner" (Dkt. No. 52 at ¶77) but this statement is bare. The Second Amended Complaint makes no effort say how the supposed instruction was made, what it contained, or to whom it was directed apart from vague, unspecified "customers." CEMCO's Opposition to this Motion does not attempt to defend the allegations as adequate, because they are not. They should be dismissed.

Moreover, as detailed in the Defendants' Motion (*see* Dkt. No. 54 at 9-10) a defendant who instructs or teaches or directs another to not commit patent infringement has an absolute defense. *QXMedical, LLC v. Vascular Solutions, LLC*, 2019 WL 4862053, *11 (D. Minn. 2019) (granting summary judgment of no inducing infringement because the accused infringer had expressly instructed its customers to not use the accused product in an infringing way). KPSI is that type of defendant. In its instructions for use, KPSI specifically instructs customers not to use the FRG products at head-of-wall, and it directs them expressly to examine the patents asserted here. (Dkt. No. 27-1 at ¶8(b)-(c) & Exh. A.) The patents KPSI expressly warns customers to consult before using FRG are, of course, the very patents CEMCO now asserts KPSI induces customers to infringe. (Dkt. No. 52 at ¶10.) To the extent there is an "instruction," it is an *instruction to not infringe*. Given that KPSI instructs customers not to infringe – and given the broad array of non-infringing uses KPSI's products have – it simply is not plausible to conclude KPSI knowingly directs customers to infringe, with a specific intent that they do so.

**E.   The Fraudulent Transfer Claims Should Be Dismissed.**

The Court previously considered CEMCO's fraudulent transfer claims and declined to rule on the pleadings that the consideration exchanged on either side of the transfer were of

| DEFENDANTS' REPLY RE SECOND MOTION TO DISMISS<br><br>Case No. 2:23-cv-00918-JLR | **HOLLYSTONE LAW**<br>1775 West State Street, #286<br>Boise, ID 83702<br>Telephone: 208-596-5343 |
|---|---|

The Hon. James L. Robart

reasonably equivalent value. (Dkt. No. 20 at 20.) The Defendants do not request the Court to retread that ground, but they do submit the fraudulent transfer claims must still be dismissed for inadequate pleading, as set forth in their Motion. CEMCO claims this is a motion for reconsideration in disguise, simply because CEMCO was forced to dismiss its complaint previously, but it does not meaningfully defend the pleadings themselves.

CEMCO does not plausibly plead a claim for relief under RCW 19.40.051 because its claims do nothing to explain what the alleged transfer actually was. Instead, CEMCO merely alleges a transfer of "all or substantially all assets" which is nothing above the statutory boilerplate (*see* RCW 19.40.051(1)-(2)), and CEMCO bases it upon nothing more than "information and belief." (*See* Dkt. No. 52, ¶¶116-117.) Because CEMCO identifies no fact – no "information" – the allegation is just CEMCO's belief which, without factual basis, is insufficient under *Twombly*. The Second Amended Complaint's sixth count may describe the elements of a cause of action, but it does not plausibly state a claim for relief.

The same is true of CEMCO's claim under RCW 19.40.041. As with the sixth count, these allegations do nothing more than recite the language of (parts of) the statute. They are legal conclusions rather than facts. The statute sets forth eleven factors to consider, yet CEMCO's pleadings assert only that the alleged "transfer was of substantially all the debtor's assets" (RCW 19.40.041(2)(e)) and for allegedly insufficient value (RCW 19.40.041(2)(h)). CEMCO does not identify any fact – it simply recites a conclusion by repeating the statute itself. (*Compare* RCW 19.40.041(2)(h), (e) *with* Dkt. No. 52 ¶126.) This is inadequate under *Twombly* and does not plausibly state a claim for actual fraud under RCW 19.40.041.

## IV.   CONCLUSION

For the foregoing reasons, CEMCO's Second Amended Complaint should be dismissed.

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

12

The Hon. James L. Robart

| | |
|---|---|
| Dated: December 29, 2023 | By: */s/ Patrick C. Bageant* |

Patrick C. Bageant (No. 44268)
HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343
Facsimile: (208) 686-8247
Email: pbageant@hollystonelaw.com

Thomas E. Loop (No. 27546)
LOOP INTELLECTUAL PROPERTY LAW
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: 206-568-3100
Email: thomas@seattlepatentlaw.com

*Attorneys for Defendants*

---

DEFENDANTS' REPLY RE
SECOND MOTION TO DISMISS

Case No. 2:23-cv-00918-JLR

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

The Hon. James L. Robart

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2023, I caused the foregoing document to be filed with the Court's CM/ECF system, which will cause it to be served upon all counsel of record.

By: */s/ Patrick C. Bageant*

CERTIFICATES

2:23-cv-00918-JLR

*i*

**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343