UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEMCO, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>KPSI INNOVATIONS, INC., et al.,<br><br>                    Defendants. | CASE NO. C23-0918JLR<br><br>ORDER |

### I.   INTRODUCTION

Before the court is Defendants KPSI Innovations, Inc. ("KPSI"), James Klein ("Mr. Klein"), Serina Klein, and Kevin Klein's (collectively, "Defendants") motion to dismiss Plaintiff CEMCO, LLC's ("CEMCO") second amended complaint.  (Mot. (Dkt. # 54); Reply (Dkt. # 61); *see also* 2d Am. Compl. (Dkt. # 52).)  CEMCO opposes the motion.  (Resp. (Dkt. # 57).)  The court has considered the parties' submissions, the

//

//

ORDER - 1

relevant portions of the record, and the governing law.  Being fully advised,[1] the court DENIES in part, RESERVES RULING in part, and ORDERS supplemental briefing on Defendants' motion.

## II.  BACKGROUND

### A.  Factual Background

CEMCO owns United States Patent Nos. 7,681,365 ('365 Patent (Dkt. # 1-1)), 7,814,718 ('718 Patent (Dkt. # 1-2)), 8,136,314 ('314 Patent (Dkt. # 1-3), and 8,151,526 ('526 Patent (Dkt. # 1-4)) (collectively, the "Asserted Patents").  (2d Am. Compl. ¶ 10.)  The Asserted Patents "generally claim head-of-wall products that comprise an intumescent strip . . . affixed on a sidewall of a header, wherein the intumescent strip expands in a fire to seal the gap between the header and the ceiling to inhibit the spread of smoke and fire."  (*Id.* ¶ 11; *see also* '365 Patent at 6:42-8:29; '718 Patent at 10:9-12:22; '314 Patent at 10:20-65; '526 Patent at 7:32-8:46.)

Mr. Klein is the sole named inventor on each of the Asserted Patents.  (*See generally* Asserted Patents.)  He is also a former CEMCO employee.  (2d Am. Compl. ¶ 24.)  A series of lawsuits and settlements involving CEMCO and its affiliates, Mr. Klein and his businesses, and Ohio-based nonparty Clarkwestern Dietrich Building Systems LLC ("ClarkDietrich") resulted in Mr. Klein and his companies "g[iving] up the right to make, use, offer for sale, or sell any product covered by the [Asserted] Patents"

//

---

[1] The parties request oral argument.  (*See* Mot. at 1; Resp. at 1.)  The court, however, concludes that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

and "ClarkDietrich bec[oming] the exclusive licensee of the [Asserted] Patents." (*Id.* ¶ 30; *see also id.* ¶¶ 24-50 (describing four prior lawsuits).)

The court expanded upon the parties' "thorny history" in a prior order. (See 10/31/23 Order (Dkt. ## 46 (sealed), 48 (redacted)) at 3-6.) Here, it suffices to say that KPSI is the latest entity with ties to Mr. Klein that CEMCO asserts is infringing its patents. Although ClarkDietrich has participated in several of the prior lawsuits (see *id.*), it is not a party to this case.

**B.   Procedural History**

CEMCO filed its second amended complaint in response to the court's October 31, 2023 order granting in part Defendants' motion to dismiss. (*See generally* 10/31/23 Order.) In that order, the court determined that CEMCO had both statutory and Article III standing to bring this suit and that ClarkDietrich, as CEMCO's exclusive licensee to the Asserted Patents, was a necessary party to this action. (*Id.* at 7-17.) Accordingly, the court dismissed the patent allegations in CEMCO's complaint with leave to add ClarkDietrich as a co-plaintiff. (*Id.* at 18.) CEMCO contacted ClarkDietrich and discussed adding the company as a co-plaintiff (11/10/23 Trojan Decl. (Dkt. # 50) ¶ 2), but ClarkDietrich ultimately refused to voluntarily join this lawsuit (*see* 2d Am. Compl. ¶ 22).

Defendants subsequently filed the pending motion to dismiss, arguing that, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(7), CEMCO's complaint must be dismissed for failure to join ClarkDietrich. (Mot. at 1-5.) Defendants alternatively

//

argue that CEMCO's complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (*Id.* at 5-12.)

### III.   ANALYSIS

When determining whether to dismiss a complaint under Rule 12(b)(6) or Rule 12(b)(7), the court must accept factual allegations in the complaint as true. *See Paiute-Shoshone Indians of Bishop Cmty. of the Bishop Colony, Cal. v. City of Los Angeles*, 637 F.3d 993, 996 n.1 (9th Cir. 2011). Under Rule 12(b)(7), the court may also consider extrinsic materials attached to the motion. *See McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960). The court first considers Defendants' arguments concerning joinder before considering whether CEMCO has failed to state a claim.

**A.   Rule 12(b)(7)**

A district court may dismiss a plaintiff's complaint pursuant to Rule 12(b)(7) for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). The court performs a three-step analysis to determine whether dismissal under Rule 19 is appropriate. First, the court must determine whether the absent party is "necessary" pursuant to Rule 19(a). *See Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 851 (9th Cir. 2019). If the absent party is necessary, the court must determine whether joinder of that party is "feasible." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). If joinder is not feasible, the court must then determine whether the absent party is "indispensable" pursuant to Rule 19(b). *Id.* If the court reaches the final step and concludes that the absent party is indispensable, the complaint must be dismissed. *See* Fed. R. Civ. P. 19(b).

1    Because the court has already determined that ClarkDietrich is a necessary party

2    under Rule 19(a)(1)(B) (10/31/23 Order at 16-17), the court begins its analysis at the

3    second step by considering whether it is "feasible" to join ClarkDietrich in this matter.

4        1.    <u>Feasibility of Joinder</u>

5    For joinder of a necessary party to be feasible, venue must be proper, the absent

6    party must be subject to the court's personal jurisdiction, and joinder must not destroy

7    subject matter jurisdiction. *See Peabody W. Coal*, 400 F.3d at 779. If joinder is in fact

8    feasible, "the court must order the necessary individual to be made party to the action."

9    *Rasmussen v. Garrett*, 489 F. Supp. 3d 1131, 1151 (D. Or. 2020) (citing Fed. R. Civ. P.

10    19(b)). Defendants argue that joinder of ClarkDietrich is feasible (Mot. at 3-5), but

11    CEMCO argues that it is not (Resp. at 7).[2] The court agrees with CEMCO.

12    Here, venue is proper under 28 U.S.C. § 1400(b) because Defendants reside in this

13    District (Mot. at 4; *see* 8/16/23 S. Klein Decl. (Dkt. #27-1) ¶¶ 1-5), and the court has

14    subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) (patent infringement) and 28

15    U.S.C. § 1367(a) (supplemental jurisdiction). But the evidence establishes that this court

16    lacks personal jurisdiction over ClarkDietrich. (*See generally* Dkt.) The court lacks

17    //

---

[2] The parties' positions are perplexing. If the district court concludes that joinder is feasible, it orders the necessary nonparty to join the action so that it may proceed. *See, e.g.*, *Overpeck v. FedEx Corp.*, No. 18-cv-07553-PJH, 2020 WL 1557433, at *6-7 (N.D. Cal. Apr. 1, 2020) (holding joinder of nonparties feasible and directing the clerk to issue summons ordering those parties to appear). As such, defendants seeking dismissal under Rule 19 generally argue that joinder is *not* feasible. *E.g.*, *Ling Tie v. Peng Chan*, No. CV 14-01211 BRO (RZx), 2010 WL 10930695, at *6 (C.D. Cal. Dec. 12, 2010) ("As the moving parties, [the defendants] bear the burden of demonstrating that [the nonparty] is a necessary party, that his joinder is not feasible, and that he is indispensable such that the FAC must be dismissed."). Nevertheless, the court considers the parties' arguments as presented.

general jurisdiction over ClarkDietrich, which is an Ohio-based company having no facilities, property, or accounts in Washington.  (*See* 12/22/23 Trojan Decl. (Dkt. # 58) ¶ 2, Ex. 1 ("ClarkDietrich PJ Letter") (letter from ClarkDietrich's attorney explaining why this court lacks personal jurisdiction over ClarkDietrich)); *see also Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 n.2 (9th Cir. 2018) (explaining that general jurisdiction requires a person's "contacts with the forum state [to be] so 'continuous and systematic' as to render [them] essentially 'at home' in that forum." (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014))).  Moreover, specific jurisdiction does not exist because ClarkDietrich's contacts with Washington are unrelated to the subject matter of this lawsuit.  (*See generally* 2d Am. Compl.  *See* ClarkDietrich PJ Letter.)  This lawsuit arises out of KPSI's alleged infringement of CEMCO's patents; it neither "relate[s] to" nor "arises out of" ClarkDietrich's activities in Washington.  *See Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1997)).

        Defendants present no evidence to the contrary and instead argue that the court "previously concluded that it would indeed be feasible to join ClarkDietrich" and would "plainly . . . have personal jurisdiction over ClarkDietrich if ClarkDietrich were to join as a plaintiff here." (Mot. at 3-4.)  Defendants misstate the court's prior order and misunderstand the law.  The court previously concluded that joinder "appear[ed]" feasible and noted that there were no facts before it at the time suggesting that ClarkDietrich would not be subject to this court's personal jurisdiction.  (10/31/23 Order at 17-18.)  Such facts are now before the court.  (*See* ClarkDietrich PJ Letter; *see also*

Reply at 8-9.) Defendants' second argument fairs no better. If ClarkDietrich "were to join" this matter, that would constitute a voluntary waiver of personal jurisdiction by ClarkDietrich altogether. *See De Fontbrune v. Wofsy*, 39 F.4th 1214, 1228-29 (9th Cir. 2022); (*see also* Reply at 9 n.8 (agreeing that "personal jurisdiction over ClarkDietrich presents no problem if ClarkDietrich joins voluntarily")). But ClarkDietrich will not appear voluntarily (*see* ClarkDietrich PJ Letter), and the court lacks the requisite personal jurisdiction over ClarkDietrich to compel it to appear. The court must therefore determine whether ClarkDietrich is "indispensable," that is, whether this action may proceed in its absence.

    2. <u>Indispensable Party</u>

    To determine whether a party is indispensable, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties." Fed. R. Civ. P. 19(b). To do so, the court considers the following factors: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided"; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b)(1)-(4); *see Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F.4th 934, 947 (9th Cir. 2022). The burden is on the defendant to show that the nonparty is indispensable. *See Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999); *see also Ferm v. Crown Equity Holdings, Inc.*, No. 2:10-cv-02075-GMN, 2011

//

1  WL 3300210, at *2 (D. Nev. Aug. 1, 2011) ("It is Defendants' burden to show that [the

2  nonparty] is an indispensable party . . . ."). The court considers each factor in turn.

      i. *Factor 1: Prejudice*

4    The first factor concerns potential prejudice to ClarkDietrich and the parties. *See*

5  Fed. R. Civ. P. 19(b)(1). Defendants make two relevant arguments, one concerning

6  prejudice to ClarkDietrich and one concerning prejudice to themselves; neither is

7  sufficient to warrant weighing this factor in their favor.

8    First, Defendants argue that "ClarkDietrich's [exclusive] rights to make and sell

9  products are at risk in this lawsuit," presumably because the Asserted Patents are at risk

10  of being ruled invalid. (Mot. at 2.) But even if a party is necessary under Rule 19(a)

11  "because it would be prejudiced by a holding of invalidity of its patent, this prejudice

12  does not automatically make [that party] indispensable." *Dainippon Screen Mfg. Co. v.*

13  *CFMT, Inc.*, 142 F.3d 1266, 1272 (Fed. Cir. 1998). This is because prejudice can be

14  "mitigated when the interests of [the absent] party are 'adequately protected by those who

15  are present.'" *Id.* (quoting *In re Allustiarte*, 786 F2d 910, 919 (9th Cir. 1986)). CEMCO

16  and ClarkDietrich share the "common goal" of assuring that the Asserted Patents are

17  neither held invalid nor infringed, and they have previously "jointly sought legal

18  assistance in furtherance of that goal." *Id.*; (*see also* 10/31/23 Order at 4 (describing a

19  lawsuit in which CEMCO and ClarkDietrich sued Mr. Klein for infringement of the

20  Asserted Patents)). Moreover, CEMCO has proven its ability to protect and enforce the

21  Asserted Patents on its own, having already won a jury trial involving the Asserted

22  //

Patents against one of Mr. Klein's other entities, Seal4Safti, Inc. ("S4S"), in ClarkDietrich's absence. (*See* 10/31/23 Order at 4-5.)

Second, Defendants argue, and the court previously indicated, that they are "at risk of incurring multiple or otherwise inconsistent obligations." (Mot. at 2; 10/31/23 Order at 16-17.) CEMCO counters, however, that per the terms of its license agreement with ClarkDietrich, ClarkDietrich cannot sue on its own. (Resp. at 9; *see* License Agreement (Dkt. # 40 (sealed)).) Upon consideration of the parties' submissions and its prior order, the court agrees with CEMCO. As the court previously held, "CEMCO retained its exclusionary rights in the Asserted Patents" and indeed has a "duty" to enforce the Asserted Patents on ClarkDietrich's behalf. (10/31/23 Order at 10.) Because the license agreement did not transfer "all substantial rights" in the patents to ClarkDietrich, CEMCO, as the patent owner and retainer of exclusionary rights in the Asserted Patents, "is an indispensable party" to any lawsuit ClarkDietrich may file. *See Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, 604 F.3d 1354, 1359 (Fed. Cir. 2010). Contrary to Defendants' position, the inverse is not true. (*See* Reply at 6.) Defendants rely on *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336 (Fed. Cir. 2006), for the principle that neither CEMCO nor ClarkDietrich may sue on their own (Reply at 6), but the Federal Circuit has made clear that *Aspex* and its progeny did not "create a per se rule" concerning indispensable parties, *see Univ. of Utah v. Max-Planck-Gesellschaft zur Forderung der Wissenschaften E.V.*, 734 F.3d 1315, 1326 (Fed. Cir. 2013). Indeed, the Federal Circuit held that "there is no patent-specific exception to Rule 19(b)" and thus "the court must still perform the inquiry under Rule 19(b)." *Max-Planck-Gesellschaft*,

734 F.3d at 1326.  Because ClarkDietrich cannot sue Defendants without CEMCO, the risk of Defendants incurring multiple or otherwise inconsistent obligations is *de minimis*. *See In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) ("[F]ederal courts will bind a non-party whose interests were represented adequately by a party in the original suit." (quoting *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977))).

Having determined that ClarkDietrich's interests are adequately protected by CEMCO and that Defendants are unlikely to be at risk of incurring multiple or otherwise inconsistent obligations in ClarkDietrich's absence, the court need not consider whether any remaining prejudice may be lessened or avoided under Rule 19(b)(2) and instead proceeds to consider the third factor.

          *ii.*     *Factor 3:  Adequate Judgment*

The third factor concerns whether judgment in ClarkDietrich's absence would be adequate.  *See* Fed. R. Civ. P. 19(b)(3).  In determining this factor, the court must consider three additional subfactors:  (1) "whether the interests of a present party to the suit are such that it will undoubtedly make all of the absent party's arguments"; (2) "whether the party is capable of and willing to make such arguments"; and (3) "whether the absent party would offer any necessary element to the proceedings that the present parties would neglect."  *Klamath*, 48 F.4th at 944 (quoting *Dine Citizens*, 932 F.3d at 852).  Defendants do not address the adequacy of a judgment in ClarkDietrich's absence in their motion.  (*See generally* Mot.)   Instead, they argue in their reply that CEMCO will not adequately represent ClarkDietrich's interests because the two companies compete in the firestopping market.  (Reply at 7-8.)

Defendants' argument that CEMCO somehow lacks the proper incentive to adequately protect ClarkDietrich's rights is not persuasive. To the contrary, CEMCO has both a financial incentive and a contractual obligation to exclude others from practicing the Asserted Patents (*see generally* License Agreement), and it has already done so successfully in ClarkDietrich's absence (*see* 10/31/23 Order at 4-5 (describing a May 2022 jury trial in which CEMCO prevailed on all claims against S4S).) The court concludes that CEMCO's interests and obligations are such that it is capable of and will make any arguments ClarkDietrich otherwise would have made in this action. Therefore, the court concludes that the third Rule 19(b) factor weighs in favor of CEMCO.

        *iii.*    *Factor 4: Adequate Remedy*

The fourth Rule 19(b) factor concerns whether CEMCO would have an adequate remedy if this action were dismissed for nonjoinder. *See* Fed. R. Civ. P. 19(b)(4). The court concludes that CEMCO would not have such a remedy. Venue against all Defendants is likely only proper in this District. *See* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."); (*see also* 8/16/23 S. Klein Decl. ¶¶ 1-5 (stating that the Defendants reside in Bellevue, Washington)). Although KPSI appears to be organized under the laws of Delaware (*see* 2d Am. Compl. ¶ 2), ClarkDietrich is organized under the laws of Ohio (*see id.* ¶ 13; ClarkDietrich PJ Letter). Accordingly, there does not appear to be any district in which venue is proper against Defendants that would also have personal jurisdiction over ClarkDietrich absent ClarkDietrich's voluntary

1  participation in the action.  Pursuant to its license agreement with ClarkDietrich, CEMCO
2  retained the right to exclude others from practicing the Asserted Patents; it would almost
3  certainly be unable to do so if this suit were dismissed.
4       In sum, Defendants have failed to meet their burden under Rule 19(b) to
5  demonstrate that ClarkDietrich is an indispensable party.  The court therefore concludes,
6  in equity and good conscience, that this action should proceed among CEMCO and
7  Defendants.  See Fed. R, Civ. P. 19(b).  Defendants' motion to dismiss under Rule
8  12(b)(7) is DENIED.  The court now considers Defendant's motion to dismiss under Rule
9  12(b)(6).

**B.   Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint upon the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) dismissal may "be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (requiring the plaintiff to "plead[] factual content that allows the court to

//

1 | draw the reasonable inference that the defendant is liable for the misconduct alleged"

2 | (citing *Twombly*, 550 U.S. at 556)); *see also* Fed. R. Civ. P. 8(a)(2).

3 | When considering a Rule 12(b)(6) motion, the court takes the well-pleaded factual
4 | allegations as true and views such allegations in the light most favorable to the plaintiff.
5 | *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  The
6 | court need not, however, accept as true a legal conclusion presented as a factual
7 | allegation, *Iqbal*, 556 U.S. at 678, nor is the court required to accept as true "allegations
8 | that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences,"
9 | *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

10 | Here, Defendants argue that CEMCO's complaint fails to allege facts sufficient to
11 | state plausible claims for relief for patent infringement and fraudulent transfer of assets.
12 | The court considers each argument in turn.

13 |     1.    <u>Patent Infringement</u>

14 | Defendants assert that CEMCO's second amended complaint is devoid of any
15 | factual allegations that Defendants are infringing the Asserted Patents and instead
16 | "repeatedly asserts in conclusory fashion that the Defendants have engaged in direct
17 | infringement or have committed infringing acts without specifying a single fact" in
18 | support of those assertions.  (Mot. at 6-7.)  CEMCO responds that the court already
19 | determined that it "need not consider" Defendants' arguments concerning the sufficiency
20 | of CEMCO's patent infringement allegations.  (Resp. at 12 (quoting 10/31/21 Order at
21 | 18-19).)  CEMCO misunderstands the court's prior order.
22 | //

In its October 31, 2023 order, the court dismissed CEMCO's patent infringement allegations with leave to add ClarkDietrich as a co-plaintiff. (10/31/23 Order at 18.) Because the court dismissed those allegations under Rule 12(b)(7), the court wrote that it "need not consider in this order Defendants' arguments that CEMCO fails to adequately plead patent infringement claims against [Defendants]." (*Id.* at 18-19.) Now that the court has denied Defendants' motion under Rule 12(b)(7), the court is prepared to consider the merits of Plaintiffs' patent infringement allegations.

In light of the court's prior holding, CEMCO should have substantively responded to Defendants' arguments concerning the sufficiency of their allegations for direct and indirect patent infringement. It is true that, "[i]f a party fails to respond to an argument made on a motion to dismiss, a court may find such failure constitutes waiver or abandonment of the issue." *Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*, No. 2:21-cv-07232-SB-AFM, 2022 WL 2199938, at *3 (C.D. Cal. Mar. 7, 2022). The court concludes, however, that it would be contrary to the interest of justice to dismiss CEMCO's patent infringement allegations based on its misunderstanding of the court's prior order. *See* Fed. R. Civ. P 1; *cf.* Fed. R. Civ. P. 60(b)(1).

Accordingly, the court ORDERS CEMCO to file a supplemental brief responding to Defendants' arguments concerning the sufficiency of its patent infringement allegations by no later than **February 9, 2024**. The brief shall not exceed 2,000 words. Defendants may file an optional supplemental reply, not exceeding 1,500 words, by no later than **February 16, 2024**.

//

### 2. Fraudulent Transfer

The court now turns to Defendants' renewed motion to dismiss CEMCO's claims for fraudulent transfer of assets. Rule 12(g)(2) prohibits "a party that makes a motion under this rule" from "raising a defense or objection that was available to the party but omitted from [an] earlier motion." Fed. R. Civ. P. 12(g)(2); *see A.M. v. Omegle.com LLC*, No. 3:21-cv-01674-MO, 2023 WL 1470269, at *1-2 (D. Or. Feb. 2, 2023) (barring the defendant from making arguments that it "could have made . . . in its first motion to dismiss" and finding that "efficiency and fairness counsel in favor of applying Rule 12(g)(2)").

In its October 31, 2023 order, the court denied Defendants' motion to dismiss Plaintiffs' fraudulent transfer claims. (*See* 10/31/23 Order at 20-22.) CEMCO did not amend the claims in its second amended complaint. (*Compare* 1st Am. Compl. (Dkt. # 16) at 14-16, *with* 2d Am. Compl. at 14-17.)

Thus, CEMCO is correct that Rule 12(g)(2) prohibits Defendants from moving again to dismiss these claims. (*See* Resp. at 12-13.) The court therefore DENIES Defendants' renewed motion to dismiss Plaintiffs' fraudulent transfer claims.

### IV. CONCLUSION

For the foregoing reasons, the court DENIES in part, RESERVES RULING in part, and ORDERS supplemental briefing on Defendants' motion to dismiss (Dkt. # 54). The court DENIES Defendants' motion to dismiss this case under Rule 12(b)(7) and to dismiss CEMCO's fraudulent transfer claims under Rule 12(b)(6). The court ORDERS CEMCO to file a supplemental brief responding to Defendants' arguments concerning

the sufficiency of its patent infringement allegations, not exceeding 2,000 words, by no later than **February 9, 2024**.  Failure to timely file a supplemental brief will result in the court dismissing CEMCO's claims for patent infringement with prejudice.  Defendants may file an optional supplemental reply to CEMCO's supplemental brief, not exceeding 1,500 words, by no later than **February 16, 2024**.  The court DIRECTS the Clerk to re-note Defendants' motion (Dkt. # 54) for February 16, 2024.

Dated this 29th day of January, 2024.

JAMES L. ROBART
United States District Judge