UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEMCO, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>KPSI INNOVATIONS, INC., et al.,<br><br>            Defendants. | CASE NO. C23-0918JLR<br><br>ORDER |

Before the court is Defendants KPSI Innovations, Inc. ("KPSI"), James Klein, Serina Klein, and Kevin Klein's (collectively, "Defendants") motion to dismiss Plaintiff CEMCO, LLC's ("CEMCO") second amended complaint. (Mot. (Dkt. # 54); Reply (Dkt. # 61); *see also* 2d Am. Compl. (Dkt. # 52).)  In its prior order on Defendants' motion, the court reserved ruling in part, ordered CEMCO to file supplemental briefing on the sufficiency of its patent infringement allegations, and provided Defendants the opportunity to file a supplemental response addressing the same. (1/29/24 Order (Dkt. # 62) at 14; *see also* Pl. Supp. Br. (Dkt. # 63); Def. Supp. Br. (Dkt. # 65).)  CEMCO does

ORDER - 1

not defend its infringement allegations in its supplemental brief; instead, CEMCO requests leave to file a third amended complaint. (Pl. Supp. Br. at 2.) CEMCO's proposed third amended complaint abandons its claims for direct patent infringement and adds new facts supporting its claims for induced patent infringement. (*Id. See generally* 2/9/24 Trojan Decl. (Dkt. # 64) ¶ 3, Ex. B ("3d Am. Compl."); *id.* ¶ 2, Ex. A (redline).)

Because CEMCO opted not to defend the patent infringement allegations as pleaded in its second amended complaint, the court GRANTS Defendants' motion to dismiss those claims. Defendants ask that dismissal be with prejudice because CEMCO has abandoned its direct infringement allegations and because granting leave to amend its induced infringement allegations would be "futile." (Def. Supp. Br. at 3.) The court agrees with Defendants regarding CEMCO's direct infringement[1] allegations; those claims are hereby dismissed with prejudice. The court does not agree, however, that amendment of CEMCO's induced infringement allegations would be futile. Moreover, the interests of justice favor granting CEMCO leave to file its third amended complaint. *See* Fed. R. Civ. P. 15(a)(2). Accordingly, the court GRANTS CEMCO leave to file its third amended complaint.

CEMCO shall file its proposed third amended complaint by no later than Friday, February 23, 2024. Defendants may move to dismiss CEMCO's claims for induced patent infringement on an expedited briefing schedule. Should Defendants move to

//

---

[1] Defendants request that the court dismiss CEMCO's claims for direct and contributory patent infringement (Def. Supp. Br. at 2), but CEMCO's second amended complaint does not bring a claim for contributory infringement (*see generally* 2d Am. Compl.).

dismiss, they must file a motion not exceeding 2,000 words by no later than March 4, 2024. The motion shall be noted for consideration on March 13, 2024. CEMCO's response, which may not exceed 2,000 words, is due by no later than March 8, 2024. And Defendants may file an optional reply brief not exceeding 1,000 words by no later than March 13, 2024.

In sum, the court GRANTS in part Defendants' motion to dismiss (Dkt. # 54). CEMCO's claims for direct patent infringement are hereby DISMISSED with prejudice. The court GRANTS CEMCO leave to file its proposed third amended complaint. Should Defendants move to dismiss the induced infringement claims in CEMCO's third amended complaint, they must do so in accordance with the briefing schedule outlined in this order.

Dated this 21st day of February, 2024.

JAMES L. ROBART
United States District Judge