UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEMCO, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>KPSI INNOVATIONS, INC., et al.,<br><br>   Defendants. | CASE NO. C23-0918JLR<br><br>ORDER |

**I. INTRODUCTION**

Before the court is Defendants KPSI Innovations, Inc. ("KPSI"), James Klein ("Mr. Klein"), Serina Klein ("Ms. Klein"), and Kevin Klein's (collectively, "Defendants") motion to dismiss Plaintiff CEMCO, LLC's ("CEMCO") third amended complaint ("TAC"). (Mot. (Dkt. # 70); Reply (Dkt. # 75); *see* 3d Am. Compl. (Dkt. # 69).) CEMCO opposes Defendants' motion. (Resp. (Dkt. # 71).) The court has

//
//

ORDER - 1

considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court DENIES Defendants' motion to dismiss.

## II.  BACKGROUND

**A.     Factual Background**

CEMCO owns United States Patent Nos. 7,681,365 ('365 Patent (Dkt. # 1-1)), 7,814,718 ('718 Patent (Dkt. # 1-2)), 8,136,314 ('314 Patent (Dkt. # 1-3), and 8,151,526 ('526 Patent (Dkt. # 1-4)) (collectively, the "Asserted Patents").  (3d Am. Compl. ¶ 10.)  The Asserted Patents "generally claim head-of-wall products that comprise an intumescent strip . . . affixed on a sidewall of a header, wherein the intumescent strip expands in a fire to seal the gap between the header and the ceiling to inhibit the spread of smoke and fire."  (*Id.* ¶ 11; *see also* '365 Patent at 6:42-8:29; '718 Patent at 10:9-12:22; '314 Patent at 10:20-65; '526 Patent at 7:32-8:46.)

Mr. Klein is the sole named inventor on each of the Asserted Patents.  (*See generally* '365 Patent; '718 Patent; '314 Patent; '526 Patent.)  He is also a former CEMCO employee.  (3d Am. Compl. ¶ 24.)  A series of lawsuits and settlements involving CEMCO and its affiliates, Mr. Klein and his businesses, and Ohio-based nonparty Clarkwestern Dietrich Building Systems LLC resulted in Mr. Klein and his companies "g[iving] up the right to make, use, offer for sale, or sell any product covered

//

//

---

[1]  CEMCO requests oral argument (Resp. at 1), but Defendants do not (*see* Mot. at 1).  The court concludes that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

by the [Asserted] Patents." (*Id.* ¶ 30; *see also id.* ¶¶ 24-50 (describing four prior lawsuits).)

The court expanded upon the parties' "thorny history" in a prior order. (*See* 10/31/23 Order (Dkt. ## 46 (sealed), 48 (redacted)) at 3-6.) Here, it suffices to say that KPSI is the latest entity with ties to Mr. Klein that CEMCO asserts is infringing its patents. CEMCO maintains that Defendants' "Fire Rated Gasket" ("FRG") products infringe the Asserted Patents when installed in a particular manner at construction sites. (*See* 3d Am. Compl. ¶¶ 41, 44.)

**B.     Procedural History**

The present motion is Defendants' third motion to dismiss. (*See generally* 1st MTD (Dkt. # 27); 2d MTD (Dkt. # 54); Mot.) Although CEMCO's previous complaints included allegations of direct patent infringement (*e.g.*, 2d Am. Compl. (Dkt. # 52) ¶ 77), CEMCO no longer alleges direct patent infringement (*see generally* 3d Am. Compl. *See also* 2/21/24 Order (Dkt. # 68) at 3 (dismissing CEMCO's direct patent infringement claims with prejudice)). In its present complaint, CEMCO asserts claims against Defendants for induced infringement of the Asserted Patents under 35 U.S.C. § 271(b) and the fraudulent transfer of assets under RCW 19.40 *et seq.* (3d Am. Compl. ¶¶ 91-162 (asserting seven counts in total).)

Because the court denied Defendants' prior motion to dismiss CEMCO's claims for the fraudulent transfer of assets (10/31/23 Order at 21-22), Defendants' current motion only seeks dismissal of CEMCO's claims for induced patent infringement (*see*

//

*generally* Mot.). The court considers the relevant legal standards before addressing Defendants' motion.

### III. LEGAL STANDARDS

**A.      Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal may be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

When considering a Rule 12(b)(6) motion, the court takes the well-pleaded factual allegations as true and views such allegations in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The court need not, however, accept as true a legal conclusion presented as a factual allegation, *Iqbal*, 556 U.S. at 678, nor is the court required to accept as true

"allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Additionally, in evaluating a complaint under Rule 12(b)(6), courts may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell*, 266 F.3d at 988.

**B.     Induced Patent Infringement**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To prove induced infringement, the plaintiff must show that (1) "a third party directly infringed the asserted claims," (2) the defendant "induced those infringing acts," and (3) the defendant "knew the acts it induced constituted infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016).

The first element requires the plaintiff to show that a third party made, used, offered to sell, sold, or imported into the United States a product or process that meets every element or limitation of the asserted claims. *See* 35 U.S.C. § 271(a); *Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997); *see also Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991) ("[T]he failure to meet a single limitation is sufficient to negate infringement of the claim . . . .").

The second element requires the plaintiff to show that the defendant "engaged in an affirmative act" to "recommend, encourage, promote, or suggest" the third party's

1  direct infringement. *Impinj, Inc. v. NXP U.S., Inc.*, No. 19-cv-03161-YGR, 2022 WL
2  20508659, at *4 (N.D. Cal. Oct. 27, 2022) (quoting *Cal. Beach Co., LLC v. Exqline, Inc.*,
3  No. C 20-01994 WHA, 2020 WL 6544457, at *3 (N.D. Cal. Nov. 7, 2020)).

4      The third element requires the plaintiff to show the defendant's "specific intent to
5  induce infringement." *Id.* at *5 (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305
6  (Fed. Cir. 2006) (en banc)).  This standard "requires that the accused inducer . . . knew of
7  the asserted patent and performed or knowingly induced the performance of the steps of
8  the claimed methods." *Move, Inc. v. Real Est. All. Ltd.*, 709 F.3d 1117, 1123 (Fed. Cir.
9  2013).  The Federal Circuit has held that "[p]roviding instructions to use a product in an
10 infringing manner is evidence of the required mental state for inducing infringement."
11 *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014).

## IV.  DEFENDANTS' MOTION

13     Defendants argue that CEMCO's patent infringement claims must be dismissed
14 because its TAC lacks plausible allegations of the necessary elements to establish a *prima*
15 *facie* case for induced infringement.  (*See* Mot. at 2.)  CEMCO responds that the factual
16 allegations in its TAC, when taken as true, plausibly establish that Defendants induce
17 their customers to infringe the Asserted Patents by selling them FRG products with
18 instructions on how to use them in an infringing manner.  (Resp. at 2-3.)  The court
19 considers each element of CEMCO's *prima facie* case in turn.

20 **A.    Element 1:  Direct Infringement**

21     Defendants argue that CEMCO's TAC fails to plausibly allege acts of third-party
22 infringement because CEMCO makes "merely" conclusory assertions concerning

Defendants' customers' infringing activities.  (Mot. at 3.)  CEMCO responds with four arguments:  it (1) alleges that Defendants' customers apply Defendants' FRG products to header tracks in an infringing manner; (2) identifies three customers who are alleged to have committeed infringing acts; (3) identifies 15 "current UL listings" instructing Defendants' customers to apply their FRG products to header tracks in an infringing manner; and (4) provides 48 pages of claim charts "which show how the application of FRG products to header tracks by these customers according [to] a representative UL listing . . . would infringe at least one independent claim in each of the asserted patents."  (Resp. at 1.  *See generally* '365 Claim Chart (Dkt. # 69-10); '718 Claim Chart (Dkt. # 69-11); '314 Claim Chart (Dkt. # 69-12); '526 Claim Chart (Dkt. # 69-13).)  The court agrees with CEMCO that it has plausibly made a case for direct infringement of the Asserted Patents by Defendants' customers.

      CEMCO identifies three customers—Painting America Inc., Price Ceiling & Drywall, and PCI—it alleges "apply [Defendants'] FRG products to header tracks according to the UL Listings [on KPSI's website] in an infringing manner."  (3d Am. Compl. ¶ 67; *see id.* ¶ 61 (listing 15 UL listings on KPSI's website).)  Contrary to Defendants' assertion, these allegations do not amount to a mere "conclusory assertion of the legal claim of patent infringement itself."  (Mot. at 3.)  CEMCO's allegations identify the customers and the alleged infringing acts.  To help explain those infringing acts, CEMCO provides detailed claim charts that "set forth" how "the application of FRG products to header tracks to build head-of-wall assemblies pursuant to the UL Listings directly infringes at least one claim in each of the [Asserted] Patents."  (3d Am. Compl.

¶ 64. *See generally* '365 Claim Chart; '718 Claim Chart; '314 Claim Chart; '526 Claim Chart.)  Defendants do not address these claim charts in their motion (*see generally* Mot.), and their reply brief ignores the "according to the UL Listings" language in CEMCO's complaint; indeed, Defendants appear to selectively omit this key language several times (*see* Reply at 2 (using ellipses to omit the phrase and mischaracterizing CEMCO's allegations as merely stating that Defendants' customers "apply FRG to header tracks," period).)

The court therefore concludes that CEMCO's TAC plausibly alleges direct infringement of each of the Asserted Patents by three of Defendants' customers.

**B.      Element 2:  Affirmative Act to Induce Infringement**

Defendants next argue that CEMCO's TAC fails to plausibly allege that they induced infringement because CEMCO's complaint does not allege that Defendants run the website with the relevant UL listings.  (Mot. at 6.)  CEMCO argues that Defendants "miss the point," and the court agrees.  (Resp. at 3.)

CEMCO's TAC plausibly alleges that KPSI owns the website at issue and that the Kleins operate it.  (*See* 3d Am. Compl. ¶ 59 (alleging that a former Klein company "assigned assets relating [to] fire-blocking head-of-wall products to KPSI, including the . . . website"); *id.* ¶ 61 (alleging that "KPSI's website features" the UL listings); *id.* ¶ 78 (alleging that "KPSI induces infringement of the [Asserted] Patents by . . . recommending the use of the UL Listings and through its advertising on its website"); *id.* ¶ 130 (alleging that Ms. Klein "provid[es] instructions on KPSI's website showing how to use the FRG products in an infringing manner and recommending the application of

the FRG products on header tracks in advertising and promotional literature"); *id.* ¶ 134 (alleging that Mr. Klein "manag[es] the content of KPSI's website to promote infringing uses"). These allegations are more than sufficient to plausibly allege that Defendants took affirmative steps to induce infringement of the Asserted Patents. *See Impinj*, 2022 WL 20508659, at *4.

The court therefore concludes that CEMCO's TAC plausibly alleges that Defendants took affirmative acts to induce infringement of the Asserted Patents.

**C.     Element 3:  Specific Intent**

Defendants do not challenge CEMCO's allegations that Defendants "had knowledge of" the Asserted Patents. (*Id.* ¶ 129. *See generally* Mot.) CEMCO's TAC alleges that a jury has already found that one of the Kleins' former companies "willfully infringed the [Asserted] Patents." (3d Am. Compl. ¶ 48.) The court has no trouble concluding that such allegations are sufficient to plausibly allege the requisite specific intent in this case, in which Defendants allegedly continue to make sales of FRG products and advertise infringing uses through the guise of KPSI. *See Microsoft*, 755 F.3d at 905.

**V.  CONCLUSION**

For the foregoing reasons, the court DENIES Defendants' motion to dismiss (Dkt. # 70).

Dated this 2nd day of April, 2024.

JAMES L. ROBART
United States District Judge


the FRG products on header tracks in advertising and promotional literature"); *id.* ¶ 134 (alleging that Mr. Klein "manag[es] the content of KPSI's website to promote infringing uses"). These allegations are more than sufficient to plausibly allege that Defendants took affirmative steps to induce infringement of the Asserted Patents. *See Impinj*, 2022 WL 20508659, at *4.

The court therefore concludes that CEMCO's TAC plausibly alleges that Defendants took affirmative acts to induce infringement of the Asserted Patents.

**C.     Element 3:  Specific Intent**

Defendants do not challenge CEMCO's allegations that Defendants "had knowledge of" the Asserted Patents. (*Id.* ¶ 129. *See generally* Mot.) CEMCO's TAC alleges that a jury has already found that one of the Kleins' former companies "willfully infringed the [Asserted] Patents." (3d Am. Compl. ¶ 48.) The court has no trouble concluding that such allegations are sufficient to plausibly allege the requisite specific intent in this case, in which Defendants allegedly continue to make sales of FRG products and advertise infringing uses through the guise of KPSI. *See Microsoft*, 755 F.3d at 905.

**V.  CONCLUSION**

For the foregoing reasons, the court DENIES Defendants' motion to dismiss (Dkt. # 70).

Dated this 2nd day of April, 2024.

JAMES L. ROBART
United States District Judge