1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

CEMCO, LLC,

CASE NO. C23-0918JLR

11

Plaintiff,

ORDER

12

v.

13

KPSI INNOVATIONS, INC., et al.,

14

Defendants.

15

## I.   INTRODUCTION

16      Before the court is Plaintiff CEMCO, LLC's ("CEMCO") motion to strike

17   Defendants KPSI Innovations, Inc. ("KPSI"), Serina Klein, ("Mrs. Klein"), Kevin Klein,

18   and James A. Klein's ("Mr. Klein") (collectively, "Defendants") seventh and ninth

19   affirmative defenses and first, second, third, and fourth counterclaims.  (Mot. (Dkt. # 86);

20   Reply (Dkt. # 101); *see* Answer (Dkt. # 83) at 11, 13-17.)  Defendants oppose CEMCO's

21   motion.  (Resp. (Dkt. # 93).)  The court has considered the parties' submissions, the

22   //

1  relevant portions of the record, and the governing law.  Being fully advised,[1] the court

2  DENIES CEMCO's motion.

3  ## II.   BACKGROUND[2]

4      CEMCO brings claims for patent infringement against Mr. Klein, Mrs. Klein (Mr.

5  Klein's spouse), Kevin Klein (Mr. and Mrs. Klein's son), and KPSI.  (3d Am. Compl.

6  (Dkt. # 69) at 13-17.)  The asserted patents were issued to Mr. Klein, a former CEMCO

7  employee.  (*Id.* ¶ 24; Answer ¶ 24.)  Mr. Klein originally assigned the patents to a

8  company called "BlazeFrame."  (3d Am. Compl. ¶ 26; Answer ¶ 26.)  As a result of an

9  earlier lawsuit, BlazeFrame assigned the asserted patents to CEMCO.  (3d Am. Compl.

10  ¶ 28; Answer ¶ 28.)

11      In this lawsuit, KPSI and Kevin Klein maintain that the asserted patents "are

12  invalid for failing to meet one or more of the requirements and/or conditions for

13  patentability under Title 35 of the United States Code."  (Answer at 11; *see also id.* at

14  13-17 (counterclaims for declaratory judgment of invalidity of the asserted patents).)  In

15  the present motion to strike, CEMCO argues that these defendants are estopped from

16  arguing that the patents are invalid under the doctrine of "assignor estoppel" (*see*

17  *generally* Mot.), which "prevents a party that assigns a patent to another from later

18  challenging the validity of the assigned patent," *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.,*

19  //

---

20      [1] CEMCO requests oral argument (Mot. at 1); Defendants do not (*see* Resp. at 1).  The
21  court concludes that oral argument would not aid in its disposition of the motion.  *See* Local
Rules W.D. Wash. LCR 7(b)(4).

22      [2] For a more thorough discussion of this case's factual background, see the court's
October 31, 2023 order.  (10/31/23 Order (Dkt. ## 46 (sealed), 48 (redacted)) at 2-6.)

1    412 F.3d 1331, 1336 (Fed. Cir. 2005).  Although Kevin Klein and KPSI never assigned

2    the asserted patents, CEMCO argues that assignor estoppel still applies because Kevin

3    Klein and KPSI are "in privity" with Mr. Klein, who is estopped from arguing invalidity.

4    (Mot. at 1; *see also* Resp. at 3 ("To succeed, CEMCO must prove KPSI is sufficiently in

5    privity with [Mr.] Klein that his decision to assign the patents long ago now estops KPSI

6    from presenting today's evidence proving the patents invalid.").)

7         The court now turns to CEMCO's motion.

8                        **III.   ANALYSIS**

9         Under Federal Rule of Civil Procedure 12(f), a party may move the court to "strike

10   from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

11   scandalous matter."  Fed. R. Civ. P. 12(f).  Motions under Rule 12(f) "are disfavored."

12   *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014).  "Before such a

13   motion can be granted, the court must be convinced that there are no questions of fact,

14   that any questions of law are clear and not in dispute, and that under no set of

15   circumstances could the defense succeed."  *Silver Valley Partners, LLC v. De Motte*, No.

16   C05-5590RBL, 2006 WL 538208, at *1 (W.D. Wash. Mar. 3, 2006) (denying a motion to

17   strike due to the presence of "factual disputes"); *see also Reiffer v. Moeller*, No. CV

18   20-00561-TUC-RM (LAB), 2021 WL 4636047, at *1 (D. Ariz. Oct. 7, 2021) ("In

19   deciding a motion to strike, a court will not consider matters outside the pleadings, and

20   well-pleaded facts will be accepted as true." (quoting *Munoz v. PHH Corp.*, No.

21   1:08-cv-0759-AWI-BAM, 2013 WL 1278506, at *6  (E.D. Cal. Mar. 26, 2013))).

22   *//*

ORDER - 3

1    Here, CEMCO's motion relies heavily on matters outside of the pleadings.  (*See*

2  *generally* Mot.; 5/14/24 Trojan Decl. (Dkt. # 87) (nine exhibits); 6/7/24 Trojan Decl.

3  (Dkt. # 102) (one additional exhibit).)  As CEMCO recognizes, to succeed on its assignor

4  estoppel argument, CEMCO must establish that KPSI and Kevin Klein are in privity with

5  Mr. Klein.  (*See* Mot. at 5.)  Unless there is "no dispute that the inventor was in privity

6  with the defendant," however, the question of assignor estoppel is better determined after

7  the completion of discovery rather than at the pleading stage.  *See Dresser, LLC v. VRG*

8  *Controls, LLC*, No. 18 C 1957, 2019 WL 3244503, at *6 (N.D. Ill. July 18, 2019) (citing

9  *Saint-Gobain Performance Plastics Corp., HCM Div. v. Truseal USA, Inc.*, 351 F. Supp.

10  2d 290, 292-93 (D.N.J. 2005)); *see also Shamrock Techs., Inc. v. Med. Sterilization, Inc.*,

11  903 F.2d 789, 793 (Fed. Cir. 1990) (affirming the district court's finding of privity at

12  summary judgment).  Thus, in *Dresser*, the court "decline[d] to resolve the privity issue

13  on a motion to dismiss" a counterclaim because "[a] clearer factual picture related to the

14  sale and manufacturing of infringing products, as well as [the assignor's] ownership stake

15  in and precise duties for [the d]efendant, [was] necessary" to evaluate several factors

16  relevant to the assignor estoppel inquiry.  2019 WL 3244503, at *6; *see also MAG*

17  *Aerospace Indus., Inc. v. B/E Aerospace, Inc.*, 816 F.3d 1374, 1380 (Fed. Cir. 2016)

18  (identifying factors "to determine whether a finding of privity [is] appropriate," including

19  "the assignor's leadership role at the new employer," "the assignor's ownership stake in

20  the defendant company," "the assignor's role in the infringing activities," and "whether

21  the inventor was in charge of the infringing operation").

22  //

ORDER - 4

1    Privity and assignor estoppel are "determined upon a balance of the equities."

2    *Shamrock*, 903 F.2d at 793.  Although CEMCO cites deposition testimony and other

3    evidence (*see generally* Mot.; Reply), discovery remains ongoing (*see* 5/30/24 Order

4    (Dkt. # 96) at 1 (noting that the court was "disturbed" by Defendants' delayed discovery

5    responses); 6/5/24 Min. Entry (Dkt. # 100) (setting a 6/14/24 deadline for Defendants to

6    provide discovery responses)).  Moreover, Defendants deny that KPSI and Kevin Klein

7    are in privity with Mr. Klein.  (*See* Answer ¶ 86; 3d Am. Compl. ¶ 86.)  Indeed,

8    Defendants maintain that Mr. Klein "holds no ownership stake in KPSI," "has no legal

9    right to control its operations," "has no right to its profits," "does not make the accused

10   products," and does not "sell the accused products to customers."  (Resp. at 4 (citations

11   omitted).)[3]  So that the court may appropriately balance the equities "[b]ased on the full

12   record," *Am. Fence Co., Inc. v. MRM Sec. Sys., Inc.*, 710 F. Supp. 37, 38 (D. Conn.

13   1989), the court DENIES CEMCO's motion without prejudice to raising these issues in a

14   future motion for summary judgment.

15                    **IV.    CONCLUSION**

16   For the foregoing reasons, the court DENIES CEMCO's motion (Dkt. # 86)

17   without prejudice to raising these arguments in a future motion for summary judgment.

18   Dated this 12th day of June, 2024.

19   _____

20   JAMES L. ROBART
     United States District Judge

21   _____
     [3]  The present situation is unlike that in *California Expanded Metal Products Company v.
22   Klein*, No. C18-0659JLR (W.D. Wash. Nov. 29, 2018), ECF No. 91, in which it was undisputed
     that Mr. Klein was "the sole owner" of the defendant companies, *id.* at 3, 5.