The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| CEMCO, LLC, a California limited liability company,<br><br>         Plaintiff,<br><br>  v.<br><br>KPSI INNOVATION, INC., a Delaware corporation; SERINA KLEIN, an individual; KEVIN KLEIN, an individual; and JAMES A. KLEIN, an individual,<br><br>         Defendants. | Case No. 2:23-CV-00918-JLR<br><br>DEFENDANTS' MEMORANDUM RE COUNTER-EVIDENCE TO REBUT WILLFULNESS |

## INTRODUCTION

In ruling on the parties' motions *in limine*, the Court directed the defendants to confine evidence of their subjective belief that the Patents were invalid to facts arising during the April 2016 to March 2023 period.  The Court also ruled that evidence of the USPTO reexaminations is not relevant to willfulness because they were formally filed after the induced infringement began.

Defendants respectfully submit that certain events that occurred outside of the period specified by the Court—including the anticipated initiation (by a third party) of the USPTO reexam proceedings—is evidence that the jury should consider when deciding if the defendants

**MARKOWITZ HERBOLD PC**
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR  97201
(503) 295-3085

1   subjectively believed that the Patents were invalid at the time of their challenged conduct.  It is

2   therefore relevant to proving that defendants did not willfully infringe the Patents.

3                                              **MEMORANDUM**

4            Enhanced damages under the Patent Act are limited to "egregious cases of misconduct

5   beyond typical infringement."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 110 (2016).

6   This requires "a showing of willful infringement."  *In re Seagate Tech., LLC*, 497 F.3d 1360,

7   1368 (Fed. Cir. 2007), *abrogated on other grounds*, *Halo*, 579 U.S. at 97.

8            The willfulness requirement is "subjective willfulness"—which can be "intentional or

9   knowing[.]"  *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332,

10  1353 (Fed. Cir. 2018) (citation omitted).  Subjective willfulness can also be based on proof that

11  the accused infringer "acted despite a risk of infringement that was either known or so obvious

12  that it should have been known to the accused infringer[.]"  *Arctic Cat Inc. v. Bombardier Recrl.*

13  *Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (quotation marks and citations omitted).  But

14  willfulness requires evidence "that the accused infringer had a specific intent to infringe ***at the***

15  ***time of*** the challenged conduct."  *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch.*

16  *Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022) (citation omitted) (emphasis added).

17           Thus, willfulness "is generally measured against the knowledge of the actor at the time of

18  the challenged conduct."  *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019)

19  (citation omitted); *see also Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir.

20  2021) ("To establish willfulness, the patentee must show the accused infringer had a specific

21  intent to infringe at the time of the challenged conduct.").  Here, certain evidence excluded by

22  the Court because it occurred before settlement of the first lawsuit (April 2016) or after CEMCO

23  filed this lawsuit (March 2023) is relevant counter-evidence of defendants' subjective belief

24  about the invalidity of the Patents at the time of their challenged conduct—and should be

25  considered by the jury when it decides whether defendants acted willfully.

26           First, although a third party initiated the USPTO reexam proceedings after CEMCO filed

27  this lawsuit, James Klein would testify at trial that he was aware of the pending reexams before

**MEMORANDUM RE COUNTER-EVIDENCE TO REBUT
WILLFULNESS - 2**
**Case No. 2:23-CV-00918-JLR**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR  97201
(503) 295-3085

1  they were initiated (and this lawsuit was filed).  Because much of CEMCO's induced

2  infringement claim is based on sales that occurred between the time Mr. Klein learned of the

3  pending reexam proceedings and the initiation of this lawsuit, and because CEMCO will offer

4  evidence during that period to support its willfulness arguments, defendants should be allowed to

5  offer counter-evidence that supports their argument that they subjectively believed—based on

6  the pending USPTO reexams—that the Patents were invalid at the time of the challenged

7  conduct.

8       Second, although Mr. Trojan's 2015 letter was received before April 2016, it influenced

9  Mr. Klein's subjective belief about the Patents after April 2016; specifically, it caused him to

10  believe that the Patents were invalid.  Again, defendants should be allowed to offer the letter as

11  counter-evidence of their subjective belief that the Patents were invalid at the time of the

12  challenged conduct.

13       Finally, CEMCO is seeking compensatory damages—and enhanced damages—for

14  conduct that occurred after May 2023.  For example, CEMCO has cross-examined witnesses as

15  to why post-May 2023 developments in this litigation did not cause them to change their

16  conduct.  If the truthful answer to those questions is that their conduct was informed by *other*

17  post-May 2023 events (e.g., the reexam proceedings), defendants should be permitted to present

18  that evidence to the jury.  Defendants should be allowed to offer evidence regarding the USPTO

19  reexam proceedings that occurred during the post-May 2023 period, if they are the explanation

20  for the conduct CEMCO has inquired about.  CEMCO will be allowed to offer evidence of the

21  continuing sale of products during that period to support its willfulness arguments, and

22  defendants should be allowed to offer counter-evidence that supports their subjective belief that

23  the Patents were invalid based upon parallel events that were developing at the time.

24                              **CONCLUSION**

25       For the foregoing reasons, defendants respectfully submit that certain events that

26  occurred outside of the period specified by the Court—including the anticipated initiation of the

27  USPTO reexam proceedings and the fact of the reexam itself—is evidence that the jury should

**MEMORANDUM RE COUNTER-EVIDENCE TO REBUT
WILLFULNESS - 3**
**Case No. 2:23-CV-00918-JLR**

**MARKOWITZ HERBOLD PC**
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR  97201
(503) 295-3085

1  consider when deciding if the defendants subjectively believed that the Patents were invalid at

2  the time of their challenged conduct.

3

4      DATED:  December 5, 2024.          MARKOWITZ HERBOLD PC

5                                        By: *s/ Chad M. Colton*
6                                            *s/ Adam M. Starr*
                                             *s/ Josephine C. Kovacs*
7                                            Chad M. Colton, WSBA #49412
                                             ChadColton@MarkowitzHerbold.com
8                                            Adam M. Starr, WSBA #45762
                                             AdamStarr@MarkowitzHerbold.com
9                                            Josephine C. Kovacs, WSBA #56461
                                             JosephineKovacs@MarkowitzHerbold.com
10                                           1455 SW Broadway, Suite 1900
                                             Portland, OR  97201
11                                           Telephone: (503) 295-3085

12

13
                                          HOLLYSTONE LAW
14                                        Patrick C. Bageant, WSBA #44268
                                          pbageant@hollystonelaw.com
15                                        1775 West State Street, #286
                                          Boise, ID 83702
16                                        Telephone: 208-596-5343

17
                                          *Attorneys for Defendants*
18

19  2238208

20

21

22

23

24

25

26

27

**MEMORANDUM RE COUNTER-EVIDENCE TO REBUT
WILLFULNESS - 4**
**Case No. 2:23-CV-00918-JLR**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR  97201
(503) 295-3085