UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEMCO, LLC,<br><br>          Plaintiff,<br><br>   v.<br><br>KPSI INNOVATION, INC., et al.,<br><br>          Defendants. | CASE NO. C23-0918JLR<br><br>ORDER |

Before the court is Plaintiff CEMCO, LLC's ("CEMCO") stipulated motion to clarify the confidentiality of trial exhibit A-0082. (Mot. (Dkt. # 259).) Having reviewed the motion, the relevant portions of the record, and the applicable law, the court GRANTS the motion and ORDERS that trial exhibit A-0082 remain sealed and must be filed under seal for purposes of Defendants' appeal.[1]

---

[1] On April 2, 2025, Defendants filed a notice of appeal to the Federal Circuit. (NOA (Dkt. # 249).) "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). The parties do not address the court's jurisdiction. (*See generally* Mot.)

ORDER - 1

1  On September 20, 2023, the court granted CEMCO's unopposed motion to file
2  under seal a license agreement between CEMCO and Clarkwestern Dietrich Building
3  Systems LLC ("ClarkDietrich").  (9/20/23 Order (Dkt. # 41).)  The license agreement
4  was designated "highly confidential" under a protective order entered in a prior litigation.
5  (*See* 9/20/23 Blickensderfer Decl. (Dkt. ## 39, 40 (sealed)) ¶¶ 4-5, Ex. A.)  On March 13,
6  2024, the court entered a protective order governing confidential material in this action.
7  (3/13/24 Order (Dkt. # 74).)  In relevant part, the court's order included provisions for
8  applying confidentiality designations to material in this action; filing such designated
9  material; and for challenging confidentiality designations.  (*See id.* at 2, 4-6.)

10  On December 6, 2024, at the jury trial in this case, the parties stipulated to the
11  admissibility of the sealed license agreement between CEMCO and ClarkDietrich as trial
12  exhibit A-0082, and the exhibit was admitted into evidence.  (12/6/24 Tr. (Dkt. # 232)
13  at 684:7-13); (Ex. List (Dkt. # 210) at 17 (indicating admission of trial exhibit A-0082).)
14  At the time, the parties did not observe that the license agreement had been filed under
15  seal.  (*See generally* 12/6/24 Tr. at 684.)  The court advised that trial exhibit A-0082 was
16  "admitted and may be published when necessary."  (12/6/24 Tr. at 684:11-12).  The
17  parties did not publish the exhibit to the jury during the trial.  (*See generally* Mot. at 2;
18  12/6/24 Tr.)

---

The court, however, concludes that it retains jurisdiction to clarify the confidentiality of trial exhibits under an exception for judicial acts that "preserve[] the status quo and d[o] not materially alter the status of the case on appeal." *Nat. Res. Def. Council*, 242 F.3d at 1166.

1     Accordingly, pursuant to the court's order granting leave to file the license
2 agreement between CEMCO and ClarkDietrich under seal (*see* 9/20/23 Order), the court
3 concludes that the license agreement between CEMCO and ClarkDietrich remains under
4 seal, and that the parties must file trial exhibit A-0082 under seal for purposes of
5 Defendants' appeal. Neither party moved to unseal the license agreement or attempted to
6 use the procedures in the court's protective order to challenge the license agreement's
7 confidentiality designation. (*See generally* Dkt.) Additionally, although trial exhibit A-
8 0082 was admitted into evidence at trial, it was not published, and it has never been filed
9 on the docket except under seal. (*Id.*) Therefore, it has never been publicly viewed or
10 viewable in this action.

11     For the foregoing reasons, the court GRANTS the stipulated motion (Dkt. # 259)
12 and ORDERS that trial exhibit A-0082 be filed under seal for purposes of the parties'
13 appeal.

15     Dated this 14th day of May, 2025.

                                  JAMES L. ROBART
                                  United States District Judge