# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CEMCO, LLC, a California limited liability company,<br><br>     Plaintiff,<br><br>  v.<br><br>KPSI INNOVATION, INC., a Delaware corporation; SERINA KLEIN, an individual; KEVIN KLEIN, an individual; and JAMES A. KLEIN, an individual,<br><br>     Defendants. | CASE NO. 2:23-cv-00918-JLR<br><br>**[CEMCO'S PROPOSED] AMENDED INJUNCTION** |

TROJAN LAW OFFICES
BEVERLY HILLS

The court entered a permanent injunction on February 28, 2025 relating to U.S. Patents No. 7,681,365 ("the '365 patent"), No. 7,814,718 ("the '718 patent"), No. 8,136,314 ("the '314 patent"), and No. 8,151,526 ("the '526 patent") (collectively, the "Patents"). (Dkt. #247.) All four Patents were under reexamination by the United States Patent and Trademark Office ("USPTO") at the time the permanent injunction was entered. (Dkt. 285-1.) On March 28, 2025, the USPTO issued a Reexamination Certificate confirming all claims of the '365 patent without amendment. (Dkt. 285-2.) The reexaminations of the '718 patent, the '314 patent, and the '526 patent remain pending.

The court hereby amends the injunction as follows. The injunction shall remain effective for the life of the '365 patent as confirmed by the USPTO. The injunction shall be effective as to the '718 patent, the '314 patent, and the '526 patent unless or until any claims therein are amended with finality or the patents expire.

Accordingly, the court ORDERS that Defendants KPSI Innovation, Inc. ("KPSI"), Serina Klein, James Klein, and Kevin Klein (collectively, the "Defendants") are permanently enjoined from the following:

1. Making, using, offering to sell, or selling FRG Products or any product that is not more than colorably different from FRG Products (the "Intumescent Products") for use in fire-rated head-of-wall constructions or assemblies as covered by the claims of the Patents;

2. Providing instructions in any medium (e.g., videos, in-person training, pamphlets, brochures, installation instructions, websites, and invoices) for using the Intumescent Products in fire-rated head-of-wall constructions or assemblies as covered by the claims of the Patents;

3. Referencing certifications from any third-party agency related to fire-safety or building code compliance, including but not limited to UL listings (collectively, "Third-Party Safety Certification"), concerning the Intumescent Products used for fire-rated head-of-wall constructions or assemblies as covered by the claims of the Patents, in any advertising or communications with customers or prospective customers;

4. Displaying or disseminating any Third-Party Safety Certification concerning the Intumescent Products used for fire-rated head-of-wall constructions or assemblies as covered by

the claims of the Patents, in any medium (e.g., videos, in-person training, pamphlets, brochures, installation instructions, websites, and invoices);

5. Transferring or facilitating the transfer of any Third-Party Safety Certification or data files associated therewith concerning the Intumescent Products used for fire-rated head-of-wall constructions or assemblies as covered by the claims of the Patents, to any person or entity;

6. Modifying or submitting any proposal for modifying any Third-Party Safety Certification, where the modification depicts, describes, or references using the Intumescent Products for fire-rated head-of-wall constructions or assemblies as covered by the claims of the Patents;

7. Creating or facilitating the creation of any Third-Party Safety Certification that depicts, describes, or references using the Intumescent Products for fire-rated head-of-wall constructions or assemblies as covered by the claims of the Patents; and

8. Providing technical support, including engineering judgments, for Intumescent Products used for fire-rated head-of-wall constructions or assemblies as covered by the claims of the Patents.

The court further ORDERS that **7 (seven) days** after the entry of this order Defendants shall:

9. Remove any Third-Party Safety Certification that depicts, describes, or references the use of the Intumescent Products for fire-rated head-of-wall constructions or assemblies as covered by the claims of the Patents from their websites and all advertising materials;

10. Send a notice of removal for each Third-Party Safety Certification that depicts, describes, or references the use of the Intumescent Products for fire-rated head-of-wall constructions or assemblies as covered by the claims of the Patents; and

11. Send a copy of this amended permanent injunction order to each of their customers and provide verification of the same to the court.

//

//

//

**IT IS SO ORDERED.**

Dated this ＿＿＿ day of May, 2026

_____

Hon. James L. Robart
United States District Judge
